IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORP., <br><br> Defendant. | Case No. 7:24-CV-00339-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT ORACLE CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.  Introduction ................................................................................................................ 1

II. Argument .................................................................................................................... 2

    A.  The '814 Patent Claims Are Patent Ineligible ....................................................... 2

        1.  VirtaMove's "Claimed Advance" Confirms that Claim 1 Is Directed to an Abstract Idea. .................................................................................... 2

        2.  VirtaMove's "Claimed Advance" Confirms that Claim 1 Lacks an Inventive Concept ..................................................................................... 5

        3.  The Amended Complaint Does Not Supply An Inventive Concept ........... 6

        4.  VirtaMove Has Not Attempted to Show the Independent Patentability of Any Other Claim .................................................................. 7

    B.  The '058 Patent Claims Are Patent Ineligible ........................................................ 7

        1.  VirtaMove's Articulation of What Claim 1 Is "Directed To" Confirms Its Abstractness .............................................................................. 7

        2.  VirtaMove's Articulation of What Claim 1 Is "Directed To" Confirms It Lacks an Inventive Concept ...................................................... 9

        3.  VirtaMove Does Not Remedy the Deficiencies in the Amended Complaint ...................................................................................... 10

        4.  VirtaMove Has Not Attempted to Show the Independent Patentability of Any Other Claim ................................................................. 10

    C.  The Case Should Be Dismissed with Prejudice ................................................... 10

III. Conclusion ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brumfield, Tr. for Ascent Trust v. IBG LLC*,
  97 F.4th 854 (Fed. Cir. 2024) ..................................................................................................9

*Data Scape Ltd. v. W. Digital Corp.*,
  816 F. App'x 461 (Fed. Cir. 2020) .......................................................................................3, 6

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
  955 F.3d 1317 (Fed. Cir. 2020)............................................................................................8, 9

*Evolutionary Intel., LLC v. Sprint Nextel Corp.*,
  137 F. Supp. 3d 1157 (N.D. Cal. 2015) ...................................................................................6

*Evolutionary Intel., LLC v. Sprint Nextel Corp.*,
  677 F. App'x 679 (Fed. Cir. 2017) ................................................................................. passim

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
  839 F.3d 1089 (Fed. Cir. 2016)................................................................................................4

*Free Stream Media Corp. v. Alphonso Inc.*,
  996 F.3d 1355 (Fed. Cir. 2021).......................................................................................1, 6, 9

*Free Stream Media Corp. v. Alphonso Inc.*,
  996 F.3d 1355 (Fed. Cir. 2021).......................................................................................1, 6, 9

*Intell. Ventures I LLC v. Erie Indem. Co.*,
  850 F.3d 1315 (Fed. Cir. 2017)................................................................................................8

*Mobile Acuity Ltd. v. Blippar Ltd.*,
  110 F.4th 1280 (Fed. Cir. 2024) ..............................................................................................7

**Statutes**

35 U.S.C. § 101...........................................................................................................................1, 4, 10

I.      **INTRODUCTION**

VirtaMove's opposition confirms that this Court can decide patent eligibility on this motion as a matter of law. VirtaMove articulates a "claimed advance" for each patent-in-suit and asserts that these "claimed advance[s]" are what make the claims eligible. But these articulations, on which VirtaMove's opposition is premised, demonstrate the opposite: the claims are patent-ineligible on their face. Indeed, when the claims' technical jargon is set aside (as the law requires), the alleged advances are nothing more than the abstract functional results that Oracle's Motion identified: replicating and organizing data into containers so applications can be used in different operating environments ('814 patent) and organizing shared resources so they can be used by different entities for different purposes at the same time ('058 patent).

Although VirtaMove contends that the claimed inventions improve computer functionality, VirtaMove does not address the fatal flaw that the alleged benefits (e.g., allowing common resources to be shared) merely flow from the abstract ideas. Mot. 12-13. Indeed, the abstract replication and organization ideas provide the same benefits in a plethora of everyday contexts (e.g., in a food court). Tellingly, VirtaMove does not even attempt to distinguish *Hewlett Packard* and *Evolutionary*, which held that containerization patents just like the Asserted Patents are invalid under Section 101.

VirtaMove's opposition also confirms that the claims lack an inventive concept. VirtaMove does not dispute that the technological claim elements (containers, libraries, critical system elements, etc.) are generic computer components used for their conventional functions. And although VirtaMove contends that Oracle ignores the claims' "programming" and "wherein" clauses, that is precisely the point: the claims do not include an inventive concept because they merely claim functional results without reciting any techniques for achieving those results. VirtaMove does not attempt to distinguish *Free Stream*, which held that result-oriented

1

claims, like those here, are not directed to an improvement to computer technology even if they are recited in a computing context.

VirtaMove's opposition fails to remedy the deficiencies in its Amended Complaint. VirtaMove's reliance on alleged praise for "AppZero" must fail because VirtaMove has not pleaded that the praise was due to AppZero's practicing of any claim at issue, or that the praise was due to some part of the claim besides the abstract idea itself. And VirtaMove fails to defend its nonsensical argument that the mere allowance of a patent demonstrates its unconventionality.

Although VirtaMove faults Oracle for not separately discussing every claim of each patent-in-suit, the law does not require doing so. Oracle's motion asserted that claim 1 of each patent is representative. VirtaMove has not attempted to carry its burden to identify any material difference in any other claim.

This Court should dismiss the Amended Complaint with prejudice.

## II.   ARGUMENT

The "claimed advance" that VirtaMove identifies for each patent, even taken as true, confirms that its claims are ineligible. The patents fail *Alice Step One* because the "claimed advances" merely practice the abstract idea in a technological environment. The patents fail *Alice Step Two* because the "claimed advances" confirm that the recited technological components are well-known components that perform their conventional functions, and the "wherein" clauses merely recite a result (i.e., a data organization or replication scheme) without reciting how that result is achieved.

### A.   The '814 Patent Claims Are Patent Ineligible

#### 1.   VirtaMove's "Claimed Advance" Confirms that Claim 1 Is Directed to an Abstract Idea.

Crystallizing the parties' dispute, VirtaMove's opposition states that claim 1's "claimed

advance" is:

> storing a plurality of secure containers of application software; wherein [i] associated system files utilized in place of the associated local system files are copies or modified copies of the associated local system files resident on the server, and [ii] each of the containers has a unique root file system.

Opp. 8. VirtaMove hangs its hat on this "claimed advance"; it is, to VirtaMove, what makes the claim eligible. Given VirtaMove's position, the Court can resolve patent eligibility as a matter of law because VirtaMove's articulation of the "claimed advance," even if taken as true, does not state a ***patent-eligible*** advance. Instead, it merely represents practicing the abstract idea of organizing data into containers in a computing context.

VirtaMove's "claimed advance" confirms what the Motion (at 5, 10) demonstrated, i.e., that the claim is directed to a single, abstract "storing" step. VirtaMove does not dispute "that 'storing… data' in memory 'merely use[s] computers for their standard function[].'" Mot. 10 (quoting *Data Scape Ltd. v. W. Digital Corp.*, 816 F. App'x 461, 464 (Fed. Cir. 2020)). Nor does VirtaMove attempt to distinguish *Berkheimer*, *Tenstreet*, or *Content Extraction*—cases which demonstrate that claims directed to "storing" data are not patent eligible. Mot. 7.

Aside from the abstract "storing" step, the "claimed advance" merely recites two abstract functional requirements of the container. The first requirement is using "copies or modified copies" of system files in place of those "resident on the server." Opp. 8. But there is nothing inherently technological about that alleged advance: it is no different than making copies of any shared resource to avoid incompatible uses (e.g., providing each food court stall with its own set of ingredients, Mot. 6). The second requirement of using "a unique root file system" in each container is similarly abstract; it is simply the use of different organizational schemes in different contexts (e.g., each food court stall using its own scheme for organizing ingredients and equipment, Mot. 6-7). Claims like VirtaMove's, which at best "implement an old practice in a

3

new environment," are "directed to an abstract idea." *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1094 (Fed. Cir. 2016).

VirtaMove's own articulation of the "claimed advance" contradicts its assertion that Oracle ignores the "programming claimed" and the claim's "wherein" clauses. Opp. 12. Nowhere in that claimed advance (or anywhere else in the claim) is there a limitation on the manner in which the system is programmed. On the contrary, the claim's "wherein" clauses are framed in the passive voice, encompassing *any* method that "stor[es]" containers meeting the wherein clauses' functional requirements.

It is telling that VirtaMove does not even attempt to distinguish *Hewlett Packard* and *Evolutionary*, which held that containerization patents just like those asserted here are invalid under Section 101. Mot. 8-9. Nor has VirtaMove attempted to draw a technological parallel between this case and those on which it relies (e.g., *Uniloc*, *Enfish*, *Packet Intelligence*, *McRO*, and *Koninklijke*). Nor can it; those cases involved vastly different technologies and claims and none involved containerization.

VirtaMove's attacks on Oracle's food-court analogy (Opp. 11-12) cannot overcome Oracle's showing based on the claim language and the law. Mot. 4-9. Regardless, they are without merit. **First**, VirtaMove's attack is premised on its incorrect correlation of the food court's "ingredients and equipment" to the claim's "unique root file system." The Motion had instead analogized "ingredients and equipment" the to the claim's "system files," and the way in which "each chef organizes their stall's ingredients and equipment" to the claim's "unique root file system." Mot. 6-7. **Second**, VirtaMove asserts that avoiding cross-contamination, which Oracle identified as a benefit of applying the abstract idea in the food-court context, is "specific to the food service industry." Opp. 11. But that is precisely the point: applying the abstract idea

4

has technological benefits in a technological context, and non-technological benefits in a non-technological context. VirtaMove does not rebut the point that dooms its argument: a technological benefit that flows from performing the abstract idea in a technological context, like the purported security benefits here, cannot confer eligibility.[1] Mot. 12-13.

### 2. VirtaMove's "Claimed Advance" Confirms that Claim 1 Lacks an Inventive Concept

What is *not* included in VirtaMove's claimed advance confirms that the claim's technological elements do not render it patent eligible. The claimed advance entirely omits the preamble, which recites most of claim 1's technological elements (e.g., the "servers," "operating systems," "kernel," "processor," and the executable "object"). VirtaMove thus confirms the Motion's point that these elements were conventional. Mot. 9. And even as to the technological elements that the claimed advance does recite (e.g., "application software" and "system files"), VirtaMove does not dispute that the elements themselves were conventional—indeed, the context for these elements is in the omitted preamble. Mot. 9. The claim is therefore no different than the containerization claims in *Evolutionary*, which the Federal Circuit found to lack an inventive concept because they "simply us[ed] generic computer concepts in a conventional way." *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, 677 F. App'x 679, 680 (Fed.

---

[1] VirtaMove misses the mark by arguing that Oracle's analogy does not address the claim limitation "wherein the set of associated system files are compatible with a local kernel of at least some of the plurality of different operating systems, the containers of application software excluding a kernel." Opp. 11-12. *First*, that limitation, by VirtaMove's own admission, is not relevant because it not part of what VirtaMove identifies as the "claimed advance." *Second*, the analogy follows from Oracle's Motion. Like a "local kernel," a venue's circuit breaker is infrastructure upon which a food stall's equipment ("associated system files") relies. '814 patent, Figure 2. Thus, a food stall's stoves and other equipment ("associated system files," Mot. 6-7) are compatible with the venue's circuit breaker ("are compatible with a local kernel"). And the food stalls ("containers," Mot. 6) would not themselves include a circuit breaker ("the containers … excluding a kernel").

Cir. 2017) ("*Evolutionary II*").

Nor does the ordered combination (i.e., the "claimed advance") itself recite any inventive concept. The step of "storing a plurality of secure containers" cannot provide an inventive concept because, as VirtaMove does not dispute, "'storing… data" in memory "merely use[s] computers for their standard function[]." *Data Scape*, 816 F. App'x at 464. And VirtaMove does not dispute that the patent "does not purport to have invented containers." Mot. 3. VirtaMove asserts that Oracle "ignores the programming required in the ordered combination" (Opp. 12), but neither of the alleged advances in the two "wherein" clauses recites any manner of programming. Both requirements—(i) "copies or modified copies" of system files being used in place of those "resident on the server," and (ii) "a unique root file system" being used in each container—are nothing but functional characteristics of the recited containers.

VirtaMove has not attempted to distinguish *Free Stream*, which held that claims lacked an inventive concept where, like here, they recited functional characteristics "without reciting 'how [each] functional result is achieved.'" Mot. 10-11 (quoting *Free Stream Media Corp. v. Alphonso Inc.*, 996 F.3d 1355, 1363, 1365 (Fed. Cir. 2021)). And the claimed advance confirms the applicability of *Hewlett Packard* and *Evolutionary*, which found similar containerization claims to lack an inventive concept because the "wherein" clauses "are simply functional descriptions." Mot. 9 (quoting *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, 137 F. Supp. 3d 1157, 1168 (N.D. Cal. 2015) ("*Evolutionary I*")). The cases on which VirtaMove relies— *BASCOM* and *DDR*—are by contrast far afield, having nothing to do with data organization or containers, as here. Opp. 13.

### 3. The Amended Complaint Does Not Supply an Inventive Concept

VirtaMove's opposition does nothing to remedy the deficiencies in its Amended Complaint. VirtaMove's allegations with respect to "AppZero" fail as a matter of law because

VirtaMove has not alleged that (i) AppZero practiced any asserted claim, (ii) the praise was due to AppZero's practicing of any asserted claim, and (iii) the praise was due to some part of the claim besides the abstract idea itself. Mot. 11 n.1. Because VirtaMove does not dispute that benefits which "merely 'flow from performing the abstract idea'" cannot confer an inventive concept, the benefits that VirtaMove alleges cannot satisfy Step Two. Mot. 12. And VirtaMove does not and cannot dispute that its allegations based on the allowance of the '814 patent is irrelevant. *Id.*

### 4. VirtaMove Has Not Attempted to Show the Independent Patentability of Any Other Claim

Although VirtaMove faults Oracle for not expressly addressing any other asserted claim, the law does not require doing so. Once Oracle made its "prima facie showing" regarding claim 1's representativeness (Mot. 13-14, 20), "the burden shift[ed] to the patent owner to present non-frivolous arguments as to why the eligibility of the identified representative claim cannot fairly be treated as decisive of the eligibility of all claims in the group." *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1290 (Fed. Cir. 2024). VirtaMove, having failed to explain the "distinctive significance" of any other claim, has "forfeit[ed] its right to argue that [the other asserted claims] are patent eligible." *Id.*

### B. The '058 Patent Claims Are Patent Ineligible

#### 1. VirtaMove's Articulation of What Claim 1 Is "Directed To" Confirms Its Abstractness

Crystallizing the parties' dispute, VirtaMove's opposition states that the claims are "directed to":

> A computing system wherein [i] some shared library critical system elements (SLCSEs) are functional replicas of operating system critical system elements (OSCSEs) and [ii] where at least one SLCSE related to a predetermined function is provided to a first application for a first instance of the SLCSE and a SCLCSE for

7

> performing the same function is provided to a second application running a second instance of the SLCSE simultaneously.

Opp. 16. As with its opposition on the '814 patent, this articulation is to VirtaMove what makes the claim eligible. But VirtaMove's position fails as a matter of law because its articulation merely recites "carrying out the abstract idea" (replicating and organizing shared resources) "in a computing environment." *Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1329 (Fed. Cir. 2017).

Element [i] recites the abstract idea of duplicating common resources (e.g., a standard oven shared for the food court, and a pizza oven for the Italian-food stall). Mot. 17. And element [ii] recites the abstract idea of using these duplicated resources simultaneously (e.g., a pizza oven in the Italian-food stall, and a tandoor oven in the Indian-food stall, that can be used to prepare pizzas and tandoori chicken simultaneously). *Id.*[2] The alleged advance thus confirms the applicability of the holding in *Ericsson*, *Berkheimer*, *Tenstreet*, and *Content Extraction*— which VirtaMove does not attempt to distinguish—that claims written in "technical jargon" are nevertheless ineligible when they, like the claims here, are directed to an abstract data-organization idea "without claiming any specific 'way of achieving' them." Mot. 7, 18 (quoting

---

[2] VirtaMove's attempt to sow confusion by misrepresenting Oracle's analogy (Opp. 17-18) should be ignored. **First**, VirtaMove implies that Oracle inconsistently identified what corresponds to the "SLCSEs," but Oracle has consistently likened SLCSEs to "equipment or ingredients." Mot. 17. **Second**, VirtaMove incorrectly argues that Oracle correlated "food" in the analogy to the claim's "application," when Oracle equated an "application" to a "chef." Mot. 6. **Third**, VirtaMove is incorrect to assert that Oracle's analogy does not extend to the limitation "when one of the SLCSEs is accessed by one or more of the plurality of software applications it forms a part of the one or more of the plurality of software applications." Opp. 17-18. That limitation, by VirtaMove's own admission, is not relevant because it is not part of what VirtaMove alleges the claim is "directed to." And, regardless, the analogy follows from Oracle's Motion: when a chef ("application," Mot. 6) uses equipment (e.g., an oven) ("SLCSEs", Mot. 17), that equipment becomes a part of the chef's workstation ("it forms a part of the one or more of the plurality of software applications").

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1328 (Fed. Cir. 2020)).

### 2. VirtaMove's Articulation of What Claim 1 Is "Directed To" Confirms It Lacks an Inventive Concept

As with the '814 patent, what is ***not*** included in VirtaMove's articulation of what claim 1 is "directed to" confirms the claim's lack of an inventive concept. That articulation omits all three of claim 1's technical components: (1) "a processor; (2) "an operating system having an operating system kernel having OS critical system elements (OSCSEs) for running in kernel mode using said processor"; and (3) "a shared library having shared library critical system elements (SLCSEs) stored therein for use by the plurality of software applications in user mode." VirtaMove thus confirms that "operating systems," "shared libraries," and "critical system elements" were all conventional components. Mot. 14-15. As in *Evolutionary*, which held invalid containerization claims like those here, claim 1 "simply us[es] generic computer concepts in a conventional way." *Evolutionary II,* 677 F. App'x at 680.

VirtaMove asserts that Oracle "ignores the programming required in the ordered combination" (Opp. 18), but neither of the alleged advance's two "wherein" elements recites any manner of programming. Instead, both elements [i] and [ii] merely recite the result that various "critical system elements" (which are admittedly conventional) are replicated and used simultaneously. Because these elements are nothing more than application of the abstract idea of replicating and organizing data, they "cannot supply the inventive concept, no matter how groundbreaking the advance." Mot. 19 (quoting *Brumfield, Tr. for Ascent Trust v. IBG LLC,* 97 F.4th 854, 868 (Fed. Cir. 2024)). That is especially so because neither element [i] nor [ii] recites "'how' [the] functional result" of replicating and using these system elements "is achieved." Mot. 11 (quoting *Free Stream*, 996 F.3d at 1363).

It is telling that VirtaMove does not even attempt to distinguish the analogous cases in

Oracle's motion. VirtaMove admits that the '058 patent, like the '814 patent, "piggyback[s] on the concept of containerization." Opp. 16. Yet VirtaMove does not discuss, much less distinguish, *Evolutionary* and *Hewlett Packard*, which held that containerization claims like those at issue in the '058 patent are ineligible. §II.A; Mot. 8-10.

### 3. VirtaMove Does Not Remedy the Deficiencies in the Amended Complaint

VirtaMove does not separately argue that the Amended Complaint's allegations render the '058 patent eligible. For the reasons explained above, they do not. §II.A.3.

### 4. VirtaMove Has Not Attempted to Show the Independent Patentability of Any Other Claim

VirtaMove's attempt to fault Oracle for not separately addressing every claim of the '058 patent must fail for the same reasons as VirtaMove's argument for the '814 patent. §II.A.3.

## C. The Case Should Be Dismissed With Prejudice

Oracle moved to dismiss VirtaMove's original complaint on patent eligibility grounds. Dkt. 13. Implicitly recognizing that its original complaint was insufficient to demonstrate patent eligibility, VirtaMove chose not to oppose Oracle's original motion to dismiss for failure to satisfy Section 101, but instead amended its complaint in an effort to satisfy *Alice*. VirtaMove took its best shot and failed. Because any further amendment would be futile, dismissal with prejudice is fully warranted.

## III. CONCLUSION

Oracle respectfully requests that the Court grant Oracle's motion and dismiss VirtaMove's Amended Complaint with prejudice.

| | |
|---|---|
| Dated: May 30, 2025 | Respectfully submitted,<br><br>*/s/ Jared Bobrow*<br>Jared Bobrow (admitted *pro hac vice*)<br>CA Bar No. 133712<br>jbobrow@orrick.com<br>Bas de Blank (admitted *pro hac vice*)<br>CA Bar No. 191487<br>basdeblank@orrick.com<br>Diana Rutowski (admitted *pro hac vice*)<br>CA Bar No. 233878<br>drutowski@orrick.com<br>**Orrick, Herrington & Sutcliffe LLP**<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>Tel: (650) 614-7400<br>Fax: (650) 614-7401<br><br>Darryl J. Adams<br>**Slayden Grubert Beard**<br>401 Congress Avenue, Suite 1650<br>Austin, Texas 78701<br>Tel:  512-402-3550<br><br>*Attorneys for Defendant Oracle Corp.* |

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on May 30, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

                                                          */s/ Jared Bobrow*
                                                          Jared Bobrow