# EXHIBIT 72

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **VIRTAMOVE, CORP.,** | § | |
| *Plaintiff,* | § | |
| | § | **MO:24-CV-00033-DC** |
| **v.** | § | |
| | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant.* | § | |

## <u>ORDER</u>

The Court now considers VirtaMove, Corporation's objections[1] to Magistrate Judge Derek Gilliland's order transferring this case to the Northern District of California.[2] After considering the order, relevant law, and related briefing, the Court finds that Judge Gilliland did not commit clear error and **OVERRULES** VirtaMove's objections.

While the transfer order is a brisk five pages, Judge Gilliland commits no clear error, and certainly not those VirtaMove conjures up in its objections. As the parties are aware, a district court must set aside a magistrate judge's order if it is "clearly erroneous or contrary to law."[3] But, for one reason or another, VirtaMove does not explain clearly how the order fails under this standard of review[4] and instead, in essence, asks the Court to offer how it

---

[1] ECF No. 89.

[2] ECF No. 86.

[3] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[4] *See, e.g., Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2016 WL 236266, at *2 (W.D. Tex. Jan. 20, 2016) (objections to Magistrate Judge's order must "at a minimum . . . specify the standard of review[] and explain why the decision in question is reversible under that standard.") (citation omitted).

would have held.[5] Of course, "[t]he clearly erroneous standard of review does not entitle the

reviewing district court to reverse or reconsider the Magistrate Judge's order simply because

it would decide the matter differently."[6] After review of the order, this Court finds that

Judge Gilliland properly considered all the relevant transfer venue factors under Fifth Circuit

jurisprudence to determine that the case should be transferred to the Northern District of

California.

One last thing, VirtaMove seeks clarification between Federal and Fifth Circuit

transfer venue jurisprudence.[7] While that may be a worthy goal to the patent bar, Judge

Gilliland does not cite any Federal Circuit cases in his order, let alone any that might give rise

to that particular debate here. This Court cannot step into the mind of another judge. And it

is aware of no technology that would facilitate such a mind meld. Instead, this Court must

review what is on the page. If Judge Gilliland applied Federal Circuit transfer venue

---

[5] *See generally* ECF No. 89.

[6] *Harrington v. Southwestern Bell Telephone L.P.*, 2021 WL 2879289, at *1 (W.D. Tex. Jan. 14, 2021).

[7] ECF No. 89 at 7. ("If the Court is inclined to overrule these objections, VirtaMove respectfully requests that, for purposes of appeal, the Court make it explicit that its decision hinged on the application of the Federal Circuit's interpretations of Fifth Circuit law rather than a rigid application of Fifth Circuit law, just as the Court has previously done, and that the Court would have otherwise denied transfer had Fifth Circuit law applied. *See Motion Offense, LLC v. Google LLC*, No. 2022 WL 5027730, at *4 ('[T]his Court cannot and does not overrule the reasoning of the Federal Circuit in a patent case. . . . the arguments are more appropriately reserved for a higher court . . . this Court must follow the Federal Circuit's line of cases on Fifth Circuit transfer law.'); *id*[.] at *9 ('despite . . . the "rigid" Fifth Circuit inquiry showing the greater witness travel distance and costs for trial in the NDCA, this Court must follow the Federal Circuit's cases and weigh "the convenience-to-witnesses factor strongly in favor of transfer."') This will clarify the issues for appeal and effectively certify for appeal the splits of transfer law that this Court has repeatedly noted in its decisions. *See, e.g., Resonant Sys., Inc. v. Apple, Inc.*, No. MO:23-CV-00077-ADA, 2024 WL 4346391, at *8 (W.D. Tex. Apr. 18, 2024) (noting split in application of 100-mile rule). The Court should then enter the attached Proposed Order Overruling Objections to Transfer Order").

considerations to the disputed order, he did so without any signs whatsoever in his work product. Moreover, no standard known to this Court allows objections to prompt such reading of tea leaves.

The Court therefore **OVERRULES** VirtaMove's objections and, pursuant to 28 U.S.C. § 1404(a), **TRANSFERS** this action to the Northern District of California. The Clerk of the Court shall effect transfer in accordance with the usual procedure.

**IT IS SO ORDERED.**

**SIGNED this 7th day of May, 2025.**

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**