**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORP., <br><br> Defendant. | Case No. 7:24-CV-00339-ADA <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

**DEFENDANT ORACLE'S REPLY IN SUPPORT TO ITS MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA
OR, IN THE ALTERNATIVE, TO THE AUSTIN DIVISION OF THE
<u>WESTERN DISTRICT OF TEXAS UNDER 28 U.S.C. § 1404(a)</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.   THE COURT SHOULD FOLLOW ITS OWN PRECEDENT............................................. 1

III.   COST OF ATTENDANCE FAVORS TRANSFER ........................................................... 2

   A.   VM Mischaracterizes Fifth Circuit Case Law On Burden................................... 2
   B.   VM's Attempt To Discredit Oracle's Fact Investigation Must Fail .................... 2

IV.   COMPULSORY PROCESS AND LOCAL INTEREST FAVOR TRANSFER—
TECHNOLOGY DEVELOPMENT AND PRIOR ART ARE FOCUSED IN NDCA ................. 4

V.   EVIDENCE CONTRADICTS VM'S EASE OF ACCESS ARGUMENT............................ 5

VI.   CONCLUSION...................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) .............................................................................................2, 4, 5

*HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
  No. W-20-CV-01092-ADA, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021)............................5

*Phoji, Inc. v. Atlassian, Inc.*,
  No. 6:21-CV-00888-ADA, 2022 WL 2392876 (W.D. Tex. July 1, 2022)................................5

*Safecast Ltd. v. Google LLC*,
  No. W-22-CV-00678-ADA, 2023 WL 4277349 (W.D. Tex. June 28, 2023) .......................1, 3

**I.      INTRODUCTION**

VirtaMove's ("VM's") opposition mischaracterizes law and facts, urging the Court to ignore its own precedent and instead follow that of EDTX. The record shows that public and private interest factors favor transfer, just like they did in the related *Google* and *Amazon* cases that this Court transferred to NDCA. The relevant Oracle witnesses are largely on the West Coast (NDCA and Seattle) and other scattered locations (not Texas); none of Oracle's relevant data centers are in Texas (one is in NDCA); and its relevant back-office services are in NDCA. Faced with these facts, VM wages an unfounded attack on Oracle's method of identifying relevant witnesses. But it is VM's methodology—LinkedIn and ESI searches using overbroad terms with no actual relevance analysis—that is flawed. VM also ignores facts and precedent when it asserts there is no local interest in NDCA. The evidence shows that the accused technology (*i.e.*, features of Docker and Kubernetes) and Solaris prior art that is uniquely part of Oracle's defense were developed in NDCA. No related cases will remain in this District following VM's dismissal of the *Microsoft* case. Ex. 77. As it did in *Google* and *Amazon*, this Court should transfer to NDCA.

**II.     THE COURT SHOULD FOLLOW ITS OWN PRECEDENT**

This Court transferred two cases that VM filed against Google and Amazon involving the same accused technology and patents to NDCA. Exs. 71-72. There, the Court found that private and public interests strongly favored transfer in large part because accused features were developed in NDCA, relevant engineers were largely in NDCA, relevant prior art witnesses were in NDCA, VM is a Canadian company, and the asserted patents originated in Canada—in other words, virtually no relevant connections to Texas. *See* Ex. 73; Dkts. 28-5, 28-6. The same is true here. Ignoring that, VM's only argument as to why this Court should follow EDTX decisions denying transfer is that Oracle is headquartered in Austin. *See* Dkt. 44 ("Opp.") at 4. But the undisputed evidence shows that the *relevant* evidence and witnesses are not in Texas. *See* §IV, *infra*.

- 1 -

### III. COST OF ATTENDANCE FAVORS TRANSFER

#### A. VM Mischaracterizes Fifth Circuit Case Law On Burden

VM argues that *In re Clarke*, 94 F.4th 502 (5th Cir. 2024), created an "updated" burden of proof requiring Oracle to identify with **certainty** the witnesses it will call at trial before the opening of fact discovery, a *Markman* hearing, or summary judgment, let alone pretrial disclosures. *See* Opp. at 1-2, 12 n.2. But *Clarke* did not set a new "standard"; rather, VM quotes language in *Clarke* paraphrasing existing law from *In re Volkswagen of Am., Inc.* and *Def. Distributed v. Bruck*. *Clarke*, 94 F.4th at 508. VM mischaracterizes *Clarke*, arguing that Oracle must "clearly demonstrate" that *witnesses* "will '*actually* materialize'" when *Clarke* talks about "marginal gains" that will materialize. *Id.* at 508; Opp. at 1-3. Oracle showed this: the accused functionality was developed in NDCA (Mot. at 3-4); prior art evidence and witnesses are located there (Mot. at 4-5); relevant Oracle employees are located there or it is easier for them to get to NDCA (Mot. at 5-6); and several sources of proof are more easily accessible in NDCA than Texas (Mot. at 9-10).

#### B. VM's Attempt To Discredit Oracle's Fact Investigation Must Fail

Oracle invested dozens of hours interviewing more than ten subject matter experts responsible for the accused features—in both product management and engineering—to identify witnesses with the most comprehensive relevant knowledge. Oracle's 30(b)(6) witness explained the labor-intensive process Oracle undertakes to determine relevant witnesses in litigation, considering not only the people interviewed but others they identify. *See* Dkt. 44-6 at 26:15-28:19, 33:19-21, 34:8-12, 54:10-15, 57:20-24, 97:8-19, 101:14-102:2, 113:20-24; Dkt. 44-8 at 13. VM's statement that Oracle only interviewed "its California-based witnesses" is false. Opp. at 3. Oracle's declarations and discovery responses identify the most relevant people regardless of location based on discussions with employees in numerous locations. Dkt. 44-6 at 26:15-28:19, 33:19-21, 34:8-12, 54:10-15, 57:20-24, 113:20-24; Dkt. 44-3 at 5-6, 9-10; Dkt. 27 ¶¶7-13; Dkt. 26 ¶¶4-10. Though

relevant witnesses are scattered, the nexus is California and the West Coast, not Texas.

In contrast, VM's methodology is unreliable. *See* Opp. at 1, 6-11; *Safecast Ltd. v. Google LLC*, No. W-22-CV-00678-ADA, 2023 WL 4277349, at *2–3 (W.D. Tex. June 28, 2023) (granting motion to transfer to NDCA despite the plaintiff providing "LinkedIn job postings … in Austin"). *First*, its attorneys searched LinkedIn for anyone who includes the overbroad terms "container" or "Kubernetes" in their profiles and copied profile language into a table of current and former Oracle employees in Texas or closer to Texas than NDCA. *See* Opp. at 1, 6-11; Ex. 74 at 61:18-63:1; *See* Dkt. 44-3 at 10, 15-20. Oracle's witness (Ms. Ripley) explained some of the problems with this table. *See* Dkt. 44-6 at 59:15-65:4, 80:3-25. For example, Ms. Ripley spoke with Mr. Krishnan, VP of Product in charge of Containers and Kubernetes, who confirmed he does not recognize the people in VM's table as being key contributors or decisionmakers on the accused features. *Id.* at 111:18-112:6. Because VM has made no showing that these individuals actually have relevant information, *see id.* at 59:15-65:4, VM has not shown that any of them are likely to be trial witnesses. *Second,* VM's count of job positions in Austin (Opp. at 1) is wrong—it includes jobs not only in Austin, but California and elsewhere. Dkts. 45-71, 45-72. *Third*, VM searched emails and calendar invitations to locate Oracle employees in Texas who communicated with VM or its predecessors years ago. Ms. Ripley spoke with those individuals who are still at Oracle and found that none of them has any memory of communications with VM or any other relevant non-cumulative knowledge. *Id.* at 70:25-76:1, 76:20-77:21. *Finally*, VM sought through discovery the number of people at Oracle who have access to source code or who received emails hitting on certain keywords by geography. Opp. at 1, 12-13. VM's Opposition cites only the count for Texas, ignoring that the count is actually greater in California and Washington state. *See* Dkt. 44-3 at 10-13, Dkts. 44-4, 44-5. VM's scattershot approach is no substitute for Oracle's identification of

witness who are reasonably likely to testify in this case.

Regarding its own witnesses, VM asserts they "likely have some relevant knowledge" and will find WDTX more convenient (Opp. at 5), but CEO Nigel Stokes traveled to California (not Texas) for deposition in the related *IBM* case. Ex. 74 at 38:3-39:21, 40:3-20, 41:4-6. VM points to the locations of four paid consultants, but one has a house in California (Opp. at 6), and the three Canadians admit they would consider travel to NDCA for trial. Ex. 75; Ex. 76 at 8:3-10; 12:7-19; 14:22-15:11; 29:8-31:3; Ex. 78 at 3-4. VM asserts prosecution counsel in Florida and Ontario "will testify that they acted with candor and honesty" (Opp. at 6) but attaches no supporting declarations.

### IV. COMPULSORY PROCESS AND LOCAL INTEREST FAVOR TRANSFER— TECHNOLOGY DEVELOPMENT AND PRIOR ART ARE FOCUSED IN NDCA

Compulsory process favors transfer. *First*, VM fails to show that the former Oracle employees it identifies (Opp. at 10-11) have relevant knowledge, as discussed above. *Second*, VM's argument that the location of "prior artists" should be given no weight because they may not "*actually* materialize at trial" (Opp. at 11-12) misstates the law from *Clarke* (*see* §III.A) and ignores that Solaris prior art, developed in NDCA, is now an Oracle product and uniquely part of Oracle's (not IBM's) defense. The sources of proof, including people most knowledgeable about Solaris prior art, are largely *third-party* witnesses concentrated in NDCA. VM does not dispute that prior art witnesses will be relevant. Opp. at 11-12. *Third*, VM identifies two former VM employees in Texas from the *IBM* litigation. Opp. at 10. However, IBM, unlike Oracle, brought patent infringement counterclaims against VM, putting particular aspects of VM's products at issue in that case. VM makes no effort to explain why these individuals would be relevant here.

Local interests also favor transfer. As with the Solaris prior art, VM cannot rebut Oracle's showing that the accused technology in this case (*i.e.*, features of Docker and Kubernetes) was developed in NDCA. Mot. at 3-5, 8-10, 13. As *Clarke* emphasizes, "[t]o identify localized interests

properly" a court does not look to the "parties' significant connections to each forum … but rather the significant connections between a particular venue and the events that gave rise to a suit." *Clarke*, 94 F.4th at 511. This Court ordered transfer under similar facts because "[t]o determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred" and "[t]he most relevant considerations are therefore where the design, development, and sale of the accused products occurred." *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. W-20-CV-01092-ADA, 2021 WL 4953884, at *6 (W.D. Tex. Oct. 25, 2021); *see also Phoji, Inc. v. Atlassian, Inc.*, No. 6:21-CV-00888-ADA, 2022 WL 2392876, at *11 (W.D. Tex. July 1, 2022). Though Oracle stipulated for purposes of its Motion that it sells products nationwide, the evidence shows design and development occurred predominantly in NDCA by *third parties*.

## V.     EVIDENCE CONTRADICTS VM'S EASE OF ACCESS ARGUMENT

Oracle has relevant sources of proof in California, not Texas. Oracle's corporate designee testified that many "back-office functions" are in NDCA, including the headquarters of Oracle's finance, tax, patent, and legal groups along with their associated records. Dkt. 44-6 at 40:17-41:23, 112:11-16. Oracle's relevant data centers (*i.e.*, computers executing accused functionality) are in California, Arizona, Illinois, and Virginia (not Texas). *Id.* at 112:17-22. The relevant Oracle engineers are largely on the west coast (Seattle and NDCA) with some scattered across the United States and globally in, *e.g.*, India, Florida, and Minneapolis (not Texas). *Id.* at 112:25-113:15.

Though VM says its patent files are in Canada (Opp. at 12), its 30(b)(6) witness testified that copies were shipped to its counsel's office in Los Angeles, California. Ex. 74 at 99:9-101:1. VM's source code may be made accessible on a laptop (*i.e.*, easily transported). *Id.* at 101:2-21.

## VI.    CONCLUSION

Oracle respectfully requests transfer of this case to the Northern District of California. Should the Court decline to do so, VM has agreed to transfer to the Austin Division (Opp. at 1).

- 6 -

Dated: August 25, 2025

Respectfully submitted,

*/s/ Jared Bobrow*

Jared Bobrow (admitted *pro hac vice*)
CA Bar No. 133712
jbobrow@orrick.com
Bas de Blank (admitted *pro hac vice*)
CA Bar No. 191487
basdeblank@orrick.com
Diana Rutowski (admitted *pro hac vice*)
CA Bar No. 233878
drutowski@orrick.com
**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA  94025
Tel: (650) 614-7400
Fax: (650) 614-7401

Darryl J. Adams
**Slayden Grubert Beard**
401 Congress Avenue, Suite 1650
Austin, Texas 78701
Tel:  512-402-3550

*Attorneys for Defendant Oracle Corp.*

- 7 -

## CERTIFICATE OF SERVICE

      The undersigned certifies that on August 25, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Jared Bobrow*
Jared Bobrow
