UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> ORACLE CORP., <br><br> *Defendant*. | Case No. 7:24-cv-00339-ADA |

**DEFENDANT ORACLE'S**
**REPLY CLAIM CONSTRUCTION BRIEF**

**TABLE OF CONTENTS**

                                                                       **Page**

I. INTRODUCTION .................................................................................................................. 1

II. THE '058 PATENT IS NO LONGER IN THIS CASE ....................................................... 1

III. DISPUTED CLAIM TERMS OF THE '814 PATENT ....................................................... 2

      A. "container" ('814 patent, claims 1, 2, 6, 9, 10, 13) .................................................. 2

            1. The Patent's Definition Of "Container" Controls ........................................ 2

            2. VirtaMove's Argument About "Redundancies" Is Legally
               Unsupported And Impermissibly Seeks To Broaden The Claims .............. 4

      B. "each of the containers has a unique root file system that is different from
         an operating system's root file system" ('814 patent, claim 1) ............................. 7

IV. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alnylam Pharms., Inc. v. Moderna, Inc.*,
   138 F.4th 1326 (Fed. Cir. 2025) ...............................................................................................3

*VLSI Tech. LLC v. Intel Corp.*,
   53 F.4th 646 (Fed. Cir. 2022) ...................................................................................................4

**Other Authorities**

*VirtaMove Corp. vs. Amazon.com, Inc, et al.*,
   No. 7:24-cv-00030-DC-DTG, Dkt. 71 (W.D. Tex. Oct. 22, 2024) ...........................................3

*VirtaMove Corp. vs. Google LLC*,
   No. 7:24-cv-00033-DC-DTG, Dkt. 63 (W.D. Tex. Oct. 22, 2024) ...........................................3

**TABLE OF EXHIBITS**

| Ex. No | Title |
|---|---|
| A | U.S. Patent No. 7,519,814 ("'814 patent") |
| B | U.S. Patent No. 7,784,058 ("'058 patent") |
| C | File History of the '814 patent ("'814 File History") |
| D | File History of the '058 patent ("'058 File History") |
| E | Assignment History of the '814 Patent |
| F | Assignment History of the '058 Patent |
| G | Declaration of Dr. Angelos Keromytis ("Keromytis' Decl.") |
| H | The Authoritative Dictionary of IEEE Standards Terms 251, (7th ed. 2000) ("2000 IEEE Dictionary") |
| I | August 21, 2025, email from Christian W. Conkle with subject line VirtaMove v. Oracle; 7:24-CV-00339 - Claim election |

I.  **INTRODUCTION**

Because VirtaMove voluntary dismissed its infringement claim under the '058 patent, only the '814 patent remains for the Court to construe. For the first '814 claim term, "container," VirtaMove's proposed construction ignores the express definition of the term in the patent specification. This is error: when, as here, a patentee provides explicit lexicography of a claim term, it is binding on the patentee. VirtaMove's attempt to argue that what the specification calls a "definition" is instead (in VirtaMove's words) an "encyclopedia entry" that would not be recognized as lexicography should be rejected. For the second term, VirtaMove misrepresents Oracle's proposed construction and downplays the importance of the patentee's statements during prosecution about the very amendment that led to issuance of the patent. Oracle's proposed constructions should be adopted.

II. **THE '058 PATENT IS NO LONGER IN THIS CASE**

On August 21, 2025, VirtaMove informed Oracle that it was "amend[ing]" its election of asserted patents and claims to assert only the '814 patent and that, as a result, "the Court need not and should not consider claim construction of the '058 patent." Ex. I (Aug. 21, 2025 email). Because VirtaMove had not dismissed its '058 patent infringement claim, Oracle responded that the disputed '058 patent claim terms still needed to be construed. Now that VirtaMove has dismissed its claim under the '058 patent, Oracle agrees that the '058 claim construction disputes previously before this Court are moot. *See* Dkt. 49 ("Resp.") at 1.[1]

---

[1] Oracle reserves all rights should VirtaMove attempt to reassert the '058 patent.

### III.    DISPUTED CLAIM TERMS OF THE '814 PATENT

#### A.    "container" ('814 patent, claims 1, 2, 6, 9, 10, 13)

| Oracle's Construction[2] | VirtaMove's Construction |
|---|---|
| "An aggregate of files required to successfully execute a set of software applications on a computing platform. ***A container is not a physical container but a grouping of associated files, which may be stored in a plurality of different locations that is to be accessible to, and for execution on, one or more servers.*** Each container for use on a server is mutually exclusive of the other containers, such that read/write files within a container cannot be shared with other containers. The term 'within a container', used within this specification, is to mean 'associated with a container'. A container comprises one or more application programs including one or more processes, and associated system files for use in executing the one or more processes; but containers do not comprise a kernel; each container has its own execution file associated therewith for starting one or more applications. In operation, each container utilizes a kernel resident on the server that is part of the operation system (OS) the container is running under to execute its applications." | No construction necessary; plain and ordinary meaning. In the alternative:<br><br>An aggregate of files required to successfully execute a set of software applications on a computing platform. Each container for use on a server is mutually exclusive of the other containers, such that read/write files within a container cannot be shared with other containers. |

#### 1.    The Patent's Definition Of "Container" Controls

The patentee chose to act as its own lexicographer, explicitly defining the claim term "container" in the '814 patent's specification. Ex. A ("'814 patent") at 2:16, 23-42 ("The following definitions are used herein: … Container: …"). That definition (Oracle's proposed construction) controls and VirtaMove's arguments fail to show otherwise.

As a threshold matter, Oracle inadvertently omitted a sentence from the patent's definition in its proposed construction and inserts that sentence as indicated in the table above. VirtaMove argues that although Oracle bases its construction on lexicography, the construction's omission of a sentence from the patent's definition confirms that a POSITA would not understand the entire

---

[2] Emphasis indicates language inadvertently omitted from Oracle's construction.

definition to be lexicography. Resp. at 2. But Oracle's omission was entirely inadvertent. Once this phrase is included, as Oracle intended all along, Oracle's proposed construction matches the specification's definition of "container" exactly.

VirtaMove argues that although the patentee provided an explicit definition of "container" in the specification, it allegedly is not "definitional" because it is lengthy, like an "encyclopedia entry." Resp. at 2. Patentee's decision to use a lengthy express definition does not make it any less of an express definition. Patentee could have used a shorter express definition, but it did not. Further, this does not come close to meeting the high threshold required to deviate from an express definition, namely, a "clear reason" to conclude that the term "as it is used in the asserted claims … [is] *in contradiction* to the definition in the specification." *See Alnylam Pharms., Inc. v. Moderna, Inc.*, 138 F.4th 1326, 1334-35 (Fed. Cir. 2025) (emphasis added). Length is not a contradiction, let alone a "clear reason."

VirtaMove also asserts that the specification's definition is not lexicographic because two other defendants accused of infringing the '814 patent (Amazon and Google) did not propose the entire definition as their proposed claim constructions. Resp. at 3-4. This distorts the record. Amazon acknowledged that it had "omit[ted] portions of that definition for the sake of brevity… but Amazon does not object to including them if the Court prefers to do so." *VirtaMove Corp. vs. Amazon.com, Inc, et al.*, No. 7:24-cv-00030-DC-DTG, Dkt. 71 at 6 (W.D. Tex. Oct. 22, 2024). Google likewise initially proposed the definition "*in toto*," but agreed to shorten its construction "[t]o narrow disputes" when VirtaMove did not agree to it. *VirtaMove Corp. vs. Google LLC*, No. 7:24-cv-00033-DC-DTG, Dkt. 63 at 8-10 (W.D. Tex. Oct. 22, 2024). Thus, VirtaMove's assertion that different defendants have "appl[ied] the alleged 'lexicography' in completely different ways" (Resp. at 3 & nn.2-3) is belied by the very documents it cites.

VirtaMove then argues that the nested definition of "within a container" should not be included in the construction. Resp. at 4-5. But VirtaMove provides no authority, let alone a "clear reason," to support deviating from the patentee's lexicography. Because the phrase "within a container" is part of the patentee's explicit definition of "container" ('814 patent at 2:23-42), and because the patentee defined "within a container" in order to define "container," the nested definition should be included in the construction.

None of VirtaMove's arguments provides any reason to disregard the law that when the patentee acts as its own lexicographer (as it did here), the patentee's chosen definition is binding. *See* Dkt. 41 ("Opening") at 5-6.

### 2. VirtaMove's Argument About "Redundancies" Is Legally Unsupported And Impermissibly Seeks To Broaden The Claims

VirtaMove argues that Oracle's construction should be rejected because the specification's definition of "container" includes phrases that are allegedly "redundant" of other claim terms. Resp. at 5. This argument fails for two reasons.

*First*, VirtaMove points to no authority for the proposition that a portion of an explicit definition of a claim term should be ignored in claim construction just because it overlaps with other claim terms. Resp. at 4-5. The reason is simple: that is not the law. The Federal Circuit has held that a construction that introduces redundancy is proper where "intrinsic evidence makes it clear that the 'redundant' construction is correct." *VLSI Tech. LLC v. Intel Corp.*, 53 F.4th 646, 653 (Fed. Cir. 2022). Such is the case here: the patentee's explicit lexicography in the specification makes clear that Oracle's construction is correct. Any overlap "is best viewed not as redundant, but merely as clumsily drafted." *Id.*

*Second*, VirtaMove incorrectly characterizes the passages from the proposed construction as redundant of other claim terms. Two of the passages are not redundant and omitting them from

the construction of "container" would improperly broaden the claims. The third should be included for completeness and consistency.

1. "*A container comprises one or more application programs including one or more processes, and associated system files for use in executing the one or more processes*": VirtaMove argues that this passage is redundant of the limitation in claim 1 that "each container comprising one or more of the executable applications and a set of associated system files required to execute the one or more applications." Resp. at 5. But even a cursory examination shows that these passages are not redundant. For example, the definition of "container" requires that they include "processes," whereas the language in claim 1 does not recite "processes." *Id.* By defining "container" to include both "programs" and "processes," the specification's lexicography is distinguishing these two terms. *See* '814 patent at 2:34-37. Further, the language that VirtaMove quotes from the definition of "container" includes the concept that the "associated system files" are "*for use in executing*" the "*processes*," whereas the claim language recites that the "associated system files" are "*required to execute … applications*." *Compare id.* at 2:34-37 *with* claim 1 (emphasis added). That is, each phrase applies the "system files" to things that VirtaMove itself alleges are different, and while the definition states they are "*for use*" with one thing (processes), the claim provides that they are "*required*" with another (applications).

2. "*In operation, each container utilizes a kernel resident on the server that is part of the operation system (OS) the container is running under to execute its applications.*": VirtaMove does not use the word "redundant" for this part of the definition but instead says that "[i]n context" the claim language "is already clear." Resp. at 5. That does not establish redundancy. Indeed, the claim language that VirtaMove cites, when viewed side by side with this part of the definition, shows just how different the phrases are:

| Patentee's Lexicography | Cited Claim 1 Language |
|---|---|
| In operation, each container utilizes a kernel resident on the server that is part of the operation system (OS) the container is running under to execute its applications | each server includes a processor and an operating system including a kernel … a plurality of secure containers of application software, each container comprising one or more of the executable applications and a set of associated system files required to execute the one or more applications, for use with a local kernel residing permanently on one of the servers. |

The claim language is not, in fact, redundant or "already clear." For example, the specification's lexicography requires that a container utilize a kernel that is part of the OS, while the claim language requires a plurality of containers of application software for use with a particular local kernel. *Compare* '814 patent at 2:39-42 *with* claim 1. This is not redundant.

3. *"[B]ut containers do not comprise a kernel":* This part of the definition makes clear that the lack of a kernel is definitional to "containers" in general, not just to the "containers of application software" recited in claim 1. VirtaMove's argument here is that "Claim 1 already recites 'the containers of application software excluding a kernel.'" In effect, this recognizes that there is no inconsistency between the definition and the claim, and thus no clear reason to deviate from the patent's definition. Moreover, even if no difference between the definition and claim language is apparent now, this case is in its early stages and expert discovery has not occurred. The term should be construed to reflect the patentee's definition in full.

For at least these reasons and the reasons in Oracle's opening brief, the Court should adopt Oracle's construction (*i.e.*, the full definition provided by patentee at 2:23-42 of the specification).

B. **"each of the containers has a unique root file system that is different from an operating system's root file system" ('814 patent, claim 1)**

| Oracle's Construction | VirtaMove's Construction |
|---|---|
| each container has a separate physical copy of the files required by applications associated with the container | No construction necessary; plain and ordinary meaning. |

VirtaMove's arguments against Oracle's construction miss the mark in at least two ways.

*First*, VirtaMove argues that Oracle's construction should be rejected because it "improperly shifts the focus to an unsupported distinction between *one container's* root file system and *another containers'* [*sic*] root file systems." Resp. at 9. VirtaMove argues that Oracle's construction is thus "too broad" because it "ignores" a distinction between the containers and the operating system. Not so. The phrase "a separate physical copy" in Oracle's construction means not only separate from the other containers, but also *separate from the operating system* (because "each container has" a copy). This follows directly from the specification and file history, which explain that what makes a container's root file system "different from an operation system's root file system" is that *each container has a separate copy of the files* that its applications require. Opening at 12-13. In other words, the phrase "separate physical copy" takes into account that the container's root file system is different from the operating system's.

Nor is Oracle's construction "too narrow," as VirtaMove argues, because it requires that each container have a separate copy. Thus, Oracle's construction is consistent with the claim requirement that "each of the containers has a *unique* root file system." '814 patent, claim 1 (emphasis added). The fact each container has a *unique* root file system necessarily distinguishes "between *one container's* root file system and *another containers'* [*sic*] root file systems" (Resp. at 9). As the specification and file history show, what makes each container's root file system "unique" is that each container has a separate copy of the files that its applications require. Opening at 12-13. VirtaMove's attempt to focus only on a container's root file system in

- 7 -

comparison to the operating system's root file system fails to differentiate between the claim's concepts of the "*unique* root file system" per container and the concept that a container's root file system is "different from an operating system's root file system." Oracle's proposed construction does this.

*Second*, contrary to VirtaMove's assertion that Oracle misreads the file history, it is VirtaMove that attempts to downplay the importance of the prosecution statements that patentee made to get the '814 patent issued in the first place. During prosecution, patentee amended claim 1 to include the following language:

> wherein said associated system files utilized in place of the associated local system files are copies or modified copies of the associated local system files that remain resident on the server, and wherein the application software cannot be shared between the plurality of secure containers of application software, and wherein <u>each of the containers has a unique root file system that is different from an operating system's root file system</u>.

Ex. C at 39-40 (emphasis added to highlight disputed claim term).

In the response accompanying the amendment, patentee pointed to several passages from the specification to support the amendment (Ex. C at 49-52) and then explained how the invention, in light of the amendment, differs from the prior art (*id*. at 53-55). Both patentee's explanation and the specification passages support Oracle's proposed construction. Looking first to the explanation, patentee stated that the invention of the '814 patent "is defined as having 'secure' containers of application software which include OS files that are <u>copies or modified copies</u> of OS files while preserving the original OS files by 'not' overwriting them." *Id.* at 52 (emphasis in original). Patentee then explained how the "OS file copies" are stored in the container (*i.e.*, the organization of files on a file system), stating that the "OS file copies reside with *each* container." *Id.* (emphasis added). This means that each container has its own separate physical copy of the

files. Patentee explained that this allows for "one container … running an application that is compatible with Solaris 8, and another container may be running an application that has been written for and compatible with Solaris 10" (*id.* at 53), and that "[a]pplicants provide containers that are isolated and wherein *each* container has the necessary operating system files for an application to run" (*id.* at 54 (emphasis added)).  As discussed above, and contrary to VirtaMove's arguments, Oracle's proposed construction is consistent with this prosecution history because it takes into account that each container has separate copies of files—separate both from other containers as well as from the operating system.

      The passages from the specification that patentee cited to support the amendment further support Oracle's construction.  Patentee underlined passages from the specification that "teach[] the relationship between files and containers" and "support[] the amendments to Claim 1:"

> [107] … applications contained within a container, <u>are not able to access the files provided with the underlying operating system of the compute platform 40 upon which they execute.  Moreover, applications with a container 20a association are not able to access the files contained in another container 20b.</u>
>
> [112] … <u>each container has a separate physical copy of the files required by applications associated with the container</u> …
>
> [117] … <u>Container files include both those files provided by an operating system distribution</u> …
>
> [121] … <u>Once installed in the container the applications become unique to the container</u> …
>
> [122] … <u>Files are copied from the existing server 32, including system files</u> …
>
> [131] … <u>container's own root file system.</u> …

- 9 -

Ex. C at 50-52. These passages explain how a "container's own root file system" (the set of files for the container) is organized so as to support patentee's amendment and distinguish the prior art. That is, they explain that the container's file system has a separate physical copy (*i.e.*, "unique to the container") of the files required by applications associated with the container (*i.e.*, which were "provided by an operating system distribution" or "copied from" a server).

Oracle's construction thus clarifies what it means for containers (1) to "each … ha[ve] a unique root file system" (2) "that is different from an operating system's root file system." Oracle's construction comes from patentee's own explanation of the invention and the specification passages patentee relied upon to support its last claim amendment to overcome prior art and gain issuance of the '814 patent. *See* Ex. C at 38-40, 47-55. The file history and specification show that this term means, in practice, that "each container has a separate physical copy of the files required by applications associated with the container." *See id.* at 51; '814 patent at 9:53-55. Patentee's explanation of the amendment, and its citations to the specification to support the amendment, demonstrate what the patentee meant by the amendment and thus define the claim language. Opening at 10.

## IV. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court adopt its proposed constructions.

Dated:  September 8, 2025                         Respectfully submitted,

*/s/ Jared Bobrow*
Jared Bobrow (admitted *pro hac vice*)
CA Bar No. 133712
jbobrow@orrick.com
Bas de Blank (admitted *pro hac vice*)
CA Bar No. 191487
basdeblank@orrick.com
Diana Rutowski (admitted *pro hac vice*)
CA Bar No. 233878
drutowski@orrick.com
Parth Sagdeo (admitted *pro hac vice*)
CA Bar No. 325269)
psagdeo@orrick.com
**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400
Fax: (650) 614-7401

Shane D. Anderson (admitted *pro hac vice*)
CA Bar No. 313145
sdanderson@orrick.com
**Orrick, Herrington & Sutcliffe LLP**
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Tel: 213-612-2377
Fax: 213-612-2499

Darryl J. Adams
**Slayden Grubert Beard**
401 Congress Avenue, Suite 1650
Austin, Texas 78701
Tel: 512-402-3550

**ATTORNEYS FOR DEFENDANT ORACLE CORPORATION**

## CERTIFICATE OF SERVICE

    I hereby certify that on September 8, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

                                              */s/ Jared Bobrow*
                                              Jared Bobrow (admitted *pro hac vice*)