# EXHIBIT 80

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**In Re VIRTAMOVE, CORP.,**
*Petitioner*

———————————————

2025-138

———————————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 7:24-cv-00030-ADA-DTG, Judge Alan D. Albright.

———————————————

**ON PETITION**

———————————————

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

**O R D E R**

VirtaMove, Corp. brought this patent infringement suit against Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (Amazon) in the Midland/Odessa Division of the United States District Court for the Western District of Texas (WDTX), but the court transferred it to the United States District Court for the Northern District of California (NDCA), invoking its authority under 28 U.S.C. §§ 1404 and 1406. VirtaMove now seeks a writ of mandamus to vacate that transfer order.

A writ of mandamus is an extraordinary remedy, and a party seeking such a writ bears the heavy burden of demonstrating: (1) it has no adequate alternative means for relief, (2) it has a clear and indisputable right to the requested relief, and (3) mandamus is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). We disturb a district court's ruling only where there is a "clear" abuse of discretion that produced a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). VirtaMove has not made that showing here.

In another order issued today, we denied VirtaMove's petition challenging the transfer of its case against Google LLC from WDTX to NDCA. *In re VirtaMove, Corp.*, No. 2025-130 (Fed. Cir. Sept. 11, 2025). VirtaMove here reiterates largely the same arguments it raised in No. 2025-130. For the same reasons we rejected its arguments in that case, we determine that VirtaMove has shown no right to mandamus relief here. VirtaMove has not shown otherwise by arguing that the court congestion factor should have been found to weigh against transfer. *See In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024) (noting docket congestion alone cannot be dispositive); *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Having concluded VirtaMove has no right to disturb the court's transfer ruling under § 1404(a), we need not reach the issue of whether transfer was also appropriate under § 1406(a).[1]

Accordingly,

---

[1]    VirtaMove notes that the parties filed a joint stipulation to dismiss Amazon.com, Inc. and Amazon.com Services LLC from the case. But we see no issue with the district court transferring the entire action to NDCA under § 1404(a), even if those parties will no longer participate.

IN RE VIRTAMOVE, CORP.                                    3

I<small>T</small> I<small>S</small> O<small>RDERED</small> T<small>HAT</small>:

The petition is denied.

F<small>OR THE</small> C<small>OURT</small>

Jarrett B. Perlow
Clerk of Court

September 11, 2025
Date