UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP, <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORP. <br><br> Defendant. | Case No. 7:24-CV-00339-ADA |

**VIRTAMOVE'S SUR-REPLY CLAIM CONSTRUCTION BRIEF**

## **TABLE OF CONTENTS**

I. Introduction ........................................................................................................... 1

II. Oracle agrees the '058 patent is no longer at issue. ............................................. 1

III. Disputed Terms ..................................................................................................... 1

    A. "container" ('814 patent, claims 1, 2, 6, 9, 10, 13) ........................................... 1

        1. Oracle fails to show lexicography applies to its entire construction. .......... 2

        2. Absent clear lexicography, Oracle's construction cannot be adopted. ........ 6

    B. "each of the containers has a unique root file system that is different from an operating system's root file system" ('814 patent, claim 1) .............................. 8

IV. Conclusion ........................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**
*Lowe v. ShieldMark, Inc.*,
   No. 2021-2164, 2022 WL 636100 (Fed. Cir. Mar. 4, 2022) ...................................................... 6
*Thorner v. Sony Computer Ent. Am. LLC*,
   669 F.3d 1362 (Fed. Cir. 2012) ............................................................................................ 2, 6, 7, 8
*VLSI Tech. LLC v. Intel Corp.*,
   53 F.4th 646 (Fed. Cir. 2022) ....................................................................................................... 7

**I.      Introduction**

The only two remaining terms for construction are "container" and "each of the containers has a unique root file system that is different from an operating system's root file system," both from claim 1 of the '814 patent).

In each instance, Oracle fails to allege (much less show) that its constructions are consistent with plain meaning. Oracle additionally fails to show any justification to deviate from plain meaning in the manner Oracle proposes. For "container," Oracle fails to show that either lexicography or disclaimer apply to anything but the first sentence of its proposed construction. And for the "each of the containers has a unique root file system…" limitation, Oracle fails to show that either lexicography or disclaimer applies to *any* portion of its proposed construction, which construction significantly changes the focus of the claim language.

**II.     Oracle agrees the '058 patent is no longer at issue.**

After originally asserting that VirtaMove needed to brief all terms of the '058 patent despite its intention to withdrawing its claims regarding that patent, Oracle has agreed that the patent is no longer at issue. *See* Reply (Dkt. 53) at 1. Accordingly, the Court need not consider the '058 patent.

**III.    Disputed Terms**

   **A.      "container" ('814 patent, claims 1, 2, 6, 9, 10, 13)**

| Oracle's Proposed Construction (emphasis indicates language not present in VirtaMove's proposed alternative construction, underlining indicates language "inadvertently omitted" from Oracle's original construction) | VirtaMove's Proposed Construction |
|---|---|
| An aggregate of files required to successfully execute a set of software applications on a computing platform. Each container for use on a server is mutually exclusive of the other containers, such that read/write files within a container cannot be shared with other containers. ***A container is not a physical container but a grouping of associated files, which may be stored in a plurality of different locations that is to be accessible to, and for execution on, one or more servers.*** **The term 'within a container', used within this** | No construction necessary; plain and ordinary meaning. In the alternative: An aggregate of files required to successfully execute a set of |

1

| **Oracle's Proposed Construction (emphasis indicates language not present in VirtaMove's proposed alternative construction, underlining indicates language "inadvertently omitted" from Oracle's original construction)** | **VirtaMove's Proposed Construction** |
|---|---|
| *specification, is to mean 'associated with a container'. A container comprises one or more application programs including one or more processes, and associated system files for use in executing the one or more processes; but containers do not comprise a kernel; each container has its own execution file associated therewith for starting one or more applications. In operation, each container utilizes a kernel resident on the server that is part of the operation system (OS) the container is running under to execute its applications.* | software applications on a computing platform. Each container for use on a server is mutually exclusive of the other containers, such that read/write files within a container cannot be shared with other containers. |

### 1. Oracle fails to show lexicography applies to its entire construction.

In VirtaMove's Response (Dkt. 49), VirtaMove presented numerous reasons why the entire paragraph following "container" in the specification, drafted like an encyclopedia entry, should not be viewed as a lexicographical definition of the claim term, including due to redundancy with claim language and the fact that the discussion purports to define terms not subject to construction other than "container" itself (such as "within a container"). Response at 4–5.

Oracle's Reply (Dkt. 53) says little in response other than that to allege in conclusory fashion that the entire paragraph of discussion under "container" is unmistakably lexicographical, and thus controls. *See* Reply at 2–4 (arguing that the entire paragraph is lexicographical and thus controlling); *id.* at 4–6 (brushing off concerns regarding redundancy primarily by reference to the entire paragraph supplying a "definition" or "lexicography"). What Oracle ignores is that lexicography, like disclaimer, must meet an "exacting" standard which Oracle fails to satisfy. *See Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1366 (Fed. Cir. 2012).

Oracle's arguments are all premised on the idea that the ***entire paragraph*** set forth in the specification's discussion of "container" is a definition. The first sentence of that paragraph makes

2

clear that *this first sentence* is setting forth a definition, by stating: "An aggregate of files required to successfully execute a set of software applications on a computing platform *is referred to as a container*" (Ex. A at 2:23-25),[1] consistent with the plain meaning of the term.[2] No other sentence in that paragraph uses similar language regarding the term "container." *See id.* at 2:23-42. Unsurprisingly, Oracle leaves the above-emphasized language out of its construction altogether, because it makes clear that *only* the first sentence's recitation of "[a]n aggregate of files required to successfully execute a set of software applications on a computing platform" is the definition of "container," rather than the entire paragraph Oracle relies upon.[3]

After the critical definitional sentence, the paragraph veers into discussion that includes what a "container is not" and discussions of related terms that are not themselves "container" such as "within a container." Ex. A at 2:25-26 (explaining that a "container is not a physical container," which is of course clear from the previous *definitional* sentence that a container is "[a]n aggregate of files requires to successfully execute a set of software applications on a computer platform"); *id.* at 2:32-34 (noting, that "*[t]he term 'within a container'*, used within this specification, *is to mean* 'associated with a container',"  thus making clear that this is a definition not of "container"

---

[1] Citations to alphabetical exhibits are referecnes to Oracle's exhibits accompanying its Opening Brief (Dkt. 41). All emphases to quotations herein are added, unless otherwise specified

[2] As a compromise with other defendants and as an alternative proposal here (consistent with VirtaMove's prior compromises), VirtaMove agreed to a construction encompassing even more than this clearly definitional sentence, regarding the nature of "read/write files within a container." However, only the first sentence is clearly definitional, consistent with the specification's provision of only a single-sentence definition for every other term in the portion of the specification that purports to provide "definitions." *See* Ex. A at 2:16-54.

[3] For example, one dictionary definition of "computer" is "one that computes." *See* https://www.merriam-webster.com/dictionary/computer. The definition of computer is *not* "one that computes is referred to as a computer," because in a definitional dictionary entry for a term, there is no need to specify what is definitional (because it *all* is). This is in stark contrast to the entry following "container" in the '814 patent, where in the paragraph Oracle alleges is entirely definitional by virtue of the specification's reference to "[t]he following definitions," the specification actually makes explicit *which* sentence relates to the definition of "container."

3

but of a different, related term). Oracle presents **no** argument that a definition of "within a container" (or a discussion of what "a container is not") is a definition of "container," except by alleging that it falls within the "the patentee's explicit definition of container," and thus "the nested definition should be included in the construction." Reply at 4. But again, Oracle's argument assumes that the *entire paragraph* is definitional with respect to "container," which Oracle cannot show. And if the entire paragraph *were* definitional, Oracle would have included the *entire paragraph verbatim* as its construction, rather than omitting the following struck language from the first definitional sentence: "An aggregate of files required to successfully execute a set of software applications on a computing platform is referred to as a container." *See* Ex. A at 2:23-25.

Oracle's construction appears to be crafted, not to resolve any disputed issues or even to apply the verbatim paragraph that supposedly defines "container," but to simply overwhelm and confuse the jury with a lengthy paragraph of discussion providing context regarding how containers can be used in preferred embodiments that are largely redundant with other claim limitations. Indeed, the confusion regarding Oracle's definition is so great that *even Oracle* failed to correctly recite its complete construction, "inadvertently omitt[ing]" a portion of its construction from its brief. *See* Reply at 2 (newly adding a sentence explaining what a "container is not"). This "inadvertently" omitted sentence simply sets forth redundant information, explaining that a "container is not a physical container" in a non-definitional way, even after the previous sentence *already* made clear that a "container is an aggregate of files" (which of *course* is not a physical container).

Oracle failed to recognize this omission until VirtaMove pointed it out (Reply at 2), presumably because Oracle's construction is intended merely to confuse the jury, such that it does not substantively matter to Oracle whether this clearly non-definitional sentence is included as part

of the construction of "container." The inclusion of such language into a construction (and adoption of Oracle's construction more generally) would not resolve any substantive disputes between the parties; it would instead overwhelm the jury with a construction longer than any that counsel for VirtaMove has ever seen adopted.[4]

Oracle's implication that it is merely engaging in an objective exercise by importing relevant, definitional language is additionally belied by Oracle's failure to include the specification's definition of "[s]ecure application container" in any construction (despite the fact that the full context of the claim language in which "container" appears in the asserted claims is "a plurality of secure containers of application software." *See* Ex. A at 2:43-48 ("Secure application container: An environment where each application set appears to have individual control of some critical system resources and/or where data within each application set is insulated from effects of other application sets is referred to as a secure application container."). The fact that Oracle could have construed a more extensive term in the claim with a single sentence, but instead chose a much lengthier proposal of a less comprehensive term that is ***not*** definitional in its entirety, evidences the arbitrary nature of Oracle's approach to claim construction. And at very least, the fact that the specification provides two discussions that are at least arguably applicable

---

[4] An empirical analysis of claim construction opinions discusses a "construction-to-limitation" or "C/L ratio," as "a ratio of the number of characters in the proposed construction to the number of characters in the actual limitation itself." https://www.finnegan.com/en/insights/articles/an-empirical-analysis-of-district-court-claim-construction.html. The data set used by this empirical data set had a maximum C/L ratio of 16: in other words, the longest relative construction in the data set was 16 times longer than the actual term being construed, in terms of character count. *See, e.g.*, *id.* at FIGs. 9–11 ("C/L ratio" charted only through 16). But in this case, Oracle's proposed construction includes 895 characters (excluding spaces), compared to the 9 characters in "container" itself. In other words, Oracle proposes a construction with a C/L ratio of ***nearly 100*** (i.e., the construction is nearly 100 times longer than the term being construed), which is over ***6 times longer*** in relative terms than the longest relative claim construction evaluated in an empirical analysis of district court claim constructions.

to the term at issue (only one of which Oracle's construction relies upon) establishes that Oracle's proposed construction is *not* unmistakable such that it cannot meet the "exacting" standard for lexicography. *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012).

### 2. Absent clear lexicography, Oracle's construction cannot be adopted.

Embodiments set forth in the specification, even preferred or sole embodiments, do not limit claim scope. *See Lowe v. ShieldMark, Inc.*, No. 2021-2164, 2022 WL 636100, at *5 (Fed. Cir. Mar. 4, 2022) ("We have repeatedly cautioned against limiting the claimed invention to preferred embodiments or specific examples in the specification.") (cleaned up). Accordingly, because Oracle is incorrect in its assumption that anything but the first paragraph of the "container" discussion at 2:22-43 of the specification is definitional, there is no basis to import any limitations from that discussion into the claims.

Oracle's proposed construction is additionally incorrect due to inconsistencies and redundancies. For example, as VirtaMove previously noted, the statement that a "container comprises one or more application programs including one or more processes" is redundant with the fact that the claim 1 recites "each container comprising one or more of the executable applications and a set of associated system files required to execute the one or more applications." Response at 5. Oracle does not dispute that the claim already requires the container includes application software (i.e., application programs), and further does provides no substantive argument (other than its failed lexicography argument) that it would be possible for a "program" to exist that does not include a "process." *See* Reply at 5. Oracle also does not explain how the claim requirement that system files be "required to execute" an application could possibly be satisfied if those system files were not "for use in executing" the application's processes. *See id.*

6

VirtaMove likewise explained that the Oracle's construction's requirement that "containers do not comprise a kernel" is directly redundant with claim 1's requirement that "the containers of application software exclud[e] a kernel." Response at 5. Oracle does not actually dispute that this aspect of its construction is redundant,[5] which Oracle's own authority makes clear is "disfavored." *VLSI Tech. LLC v. Intel Corp.*, 53 F.4th 646, 653 (Fed. Cir. 2022) (cited by Reply, 4). Instead, Oracle simply speculates that "difference between the definition and claim language," despite not being "apparent now," may surface after "expert discovery." *See* Reply at 6. (Notably, Oracle *already* offered an expert declaration with its claim construction brief.)

In response, Oracle cites *VLSI* in alleging alleges that redundancy is irrelevant, but in that case the intrinsic record "ma[de] *clear* that" the allegedly redundant construction was correct. *VLSI*, 53 F.4th at 653. Additionally, unlike this case, the *VLSI* court found that the claim language "is best viewed *not* as redundant" (*id.* at 653); here, Oracle provides no reasonable explanation as to how the claim language could be "best viewed not as redundant," as discussed above.

The above examples of redundancy, which Oracle provides no substantive explanation for, serve to emphasize that the patentee did not use the term "container" in the claims consistent with the entirety of the specification's discussion underneath that term. If the patentee had done so, these clear redundancies would not exist, and these redundancies thus evidence a lack of intent for anything other than the first sentence under "container" at 2:23-35 (which is explicitly labeled as providing lexicography) to be definitional in nature.

---

[5] Oracle asserts that this definition is applicable to things *other than* the "'containers of application software' recited in claim 1" (Reply at 6), but that assertion is irrelevant because those "containers of application software" are the *only* containers recited in the asserted claims, and Oracle provides no explanation regarding how its construction is not redundant with respect to limitations applicable to those "containers of application software" recited in the claims.

B.   **"each of the containers has a unique root file system that is different from an operating system's root file system" ('814 patent, claim 1)**

| Oracle's Proposed Construction | VirtaMove's Proposed Construction |
|---|---|
| each container has a separate physical copy of the files required by applications associated with the container | No construction necessary; plain and ordinary meaning. |

VirtaMove made clear in its Response that Oracle failed to support its proposed construction (which deviates from plain meaning) through clear and unmistakable disclaimer, as Oracle was required to do. *See* Response at 9, 11 (stating Oracle's construction is not plain meaning and that the prosecution history does not "constitute[e] 'clear and unmistakable disclaimer,' as required") (quoting *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1366–67 (Fed. Cir. 2012)).

In Reply, Oracle does not allege that its proposed construction is consistent with plain meaning. *See* Reply at 7-10. Nor does Oracle allege that the legal standards for disclaimer or lexicography are present. *See id.*; *see also* Opening (Dkt. 41) at i (Oracle's table of contents, not alleging that "[e]xplicit [l]exicography" applies). That alone is dispositive, such that plain meaning—rather than intrinsic record statements that are not definitive—should control. *Thorner*, 669 F.3d at 1367 (absent lexicography or disclaimer, "claim terms must be given their plain and ordinary meaning").

Oracle in its Reply brief alleges that VirtaMove "attempts to downplay the importance of the prosecution statements" that Oracle relies upon. *See* Reply at 8–10. But VirtaMove made clear that the prosecution history did not constitute "'clear and unmistakable disclaimer,' as required." Response at 11. This is not "downplay[ing] the importance of the prosecution statements," because Oracle ***does not dispute*** that these statements do not constitute disclaimer. Reply at 7-10. As such, both VirtaMove and Oracle are *in agreement* that the prosecution history *should be* downplayed

8

as not providing the requisite disclaimer.

Rather than attempting to defend an argument regarding disclaimer or lexicography, Oracle's Reply provides a roundabout summary of the prosecution history, alleging that "Oracle's construction is consistent with" the prosecution history (Reply at 9) or that the "passages from the specification that patentee cited to support the [prosecution] amendment… support Oracle's construction." Reply at 8–9. But what Oracle fails to recognize is that absent lexicography or disclaimer, Oracle cannot support its proposed deviation from plain meaning.

Beyond this critical (and dispositive) failure of Oracle's allegations, Oracle fundamentally mischaracterizes the prosecution history even in Reply. Specifically, Oracle implies via underlining that the amendment at issue concerned only the limitation at issue in this briefing: "each of the containers has a unique root file system that is different from an operating system's root file system." Reply at 8 (quoting Ex. C at 39–40). But in reality, the amendment was much lengthier and involved many more limitations, such that it is improper for Oracle to import all prosecution discussion into the "unique root file system" aspect of the claims. *See* Ex. C. at 39–40 (proposed amendment approximately triple the length of language underlined in Oracle's brief). For example, the "separate physical copy" language that Oracle seeks to add into the construction of "…unique root file system…" is logically related to the claim limitation (which is also part of the amendment Oracle relies upon) that "system files utilized in place of the associated local system files are ***copies or modified copies*** of the associated local system files that remain resident on the server" (*see* Ex. C at 39–40), because that limitation (like Oracle's construction) is explicitly about how ***copies of files*** relate to one another rather than the nature of ***root file systems***.[6]

---

[6] If Oracle proposed a construction of "system files utilized in place of the associated local system files are copies or modified copies of the associated local system files that remain resident on the

Oracle's Reply additionally attempts to defend its proposed construction from criticisms that it is simultaneously too broad and too narrow. *See* Reply at 7–8. Because Oracle does not even *allege* its construction is consistent with plain meaning, these arguments are irrelevant, but they are also incorrect. For example, Oracle contends that its construction already "takes into account that the container's root file system is different from the operating system's." Reply at 7. But this distinction is not in the plain language of Oracle's construction, and the need for this construction of Oracle's construction only serves to highlight the inaccuracy inherent in Oracle's construction: unlike the claim language itself (and Oracle's construction of its construction), Oracle's proposed construction makes **no mention** of any operating system, much less the operating systems' root file system.

Oracle further alleges that "what makes each container's root file system 'unique' is that each container has a separate copy of the files that its application requires." Reply at 7. But Oracle provides no evidence that having unique **files** equates to having a unique **file system** under the plain meaning of the claim language. And the claim language itself makes clear what each **container's** "root file system" must be "different from": "an **operating system's** root file system." Oracle makes no serious attempt to square this claim language with its construction.

## IV. Conclusion

For the foregoing reasons, VirtaMove respectfully requests that its proposed constructions be adopted.

---

server" as those system files being "separate physical copies from the associated local system files that remain resident on the server," VirtaMove could have potentially agreed to that construction. But VirtaMove cannot agree to Oracle's proposal to apply the "separate physical copy" concept in a nonsensical manner inconsistent with claim language.

Dated: September 22, 2025	Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Jacob R. Buczko
CA State Bar No. 269408
James S. Tsuei
CA State Bar No. 285530
James A. Milkey
CA State Bar No. 281283
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Daniel Kolko
CA State Bar No. 341680
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: jbuczko@raklaw.com
Email: jtsuei@raklaw.com
Email: jmilkey@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email: dkolko@raklaw.com

Qi (Peter) Tong
TX State Bar No. 24119042
8080 N. Central Expy, Suite 1503
Dallas, TX 75206
Email: ptong@raklaw.com

**ATTORNEYS FOR PLAINTIFF VIRTAMOVE, CORP.**

11

## **CERTIFICATE OF SERVICE**

 I certify that this document is being served upon counsel of record for Defendants on September 22, 2025 via CM/ECF.

/s/ *Reza Mirzaie*
