# Exhibit 99

PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **LIONRA TECHNOLOGIES LIMITED,** | § | |
| *Plaintiff* | § | |
| | § | **W-22-CV-00351-ADA** |
| **–vs–** | § | |
| | § | |
| **APPLE INC.,** | § | |
| *Defendant* | § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND MOTION TO STRIKE

Before the Court is Defendant Apple Inc.'s ("Apple's") Opposed Sealed Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). ECF No. 31. Plaintiff Lionra Technologies Limited, ("Lionra") opposes the motion. ECF No. 44. Apple replied to further support its motion. ECF No. 49. Soon after, Apple filed a Motion to Strike Untimely Evidence. ECF No. 51. Lionra opposed the motion. ECF No. 53. Apple replied to further support its motion. ECF No. 54. After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** Apple's Motion to Strike. Further, the Court **DENIES** Apple's Motion to Transfer Venue to the Northern District of California.

## I. FACTUAL BACKGROUND

In its complaint, Lionra claims Apple infringed on U.S. Patent No. 7,260,141 ("the '141 patent"), which relates to integrating digital beamforming capabilities into baseband processing functions such as modulation and demodulation carrier phase rotation and AGC/power-control scaling functions. ECF No. 23 at ¶ 2; ECF No. 31 at 1-2. Lionra, the owner of the Lionra patents, is a technology licensing company headquartered in Ireland. ECF No. 23 at ¶ 1. Apple is a California corporation organized with its headquarters in Cupertino, CA. *Id.* ¶ 3; ECF No. 31 at 2.

Apple does maintain a substantial office in Austin. ECF No. 31 at 12; ECF No. 44 at 1. According to Lionra, Apple sells mobile devices that support 4G/LTE and 5G cellular communications that infringe on the Lionra patents. ECF No. 23 at 1. Specifically, Lionra accuses the Apple's iPhone 12 Mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 Mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone SE, iPad Air, iPad mini, and iPad Pro devices of infringing the Asserted Patent ("Accused Products"). ECF No. 31. at 2. The specific features accused include receiving/transmitting signals via an electronically steerable phased array antenna, modulating/demodulating signals, beamforming phase rotation and carrier phase rotation ("Accused Features"). *Id.*

After filing multiple motions to dismiss, Apple filed this motion to transfer. ECF No. 31. Apple does not argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the Norther District of California ("NDCA") is a more convenient forum, pointing to the location of potential witnesses, the location of relevant records, availability of compulsory process, other practical problems, and the local interest in California. *Id.* at 6-7. Lionra contends that the case should remain in the WDTX, pointing to, among other factors, Apple's presence in the WDTX, the location of relevant witnesses and sources of proof. ECF No. 44 at 3-8.

When briefing was completed, Apple filed a motion to strike. ECF No. 51. Apple argues the Court should strike, under Fed. R. Civ. Pro. 37(c)(1), three Apple employees that were disclosed for the first time in its Response to Apple's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). *Id.* at 2-3. In response, Lionra argues that the employees should not be struck because Apple's Interrogatories impermissibly sought work product and Apple was not prejudiced by the disclosure in Lionra's response. ECF No. 53 at 3-7.

## II.    LEGAL STANDARD

Rule 26 requires that parties provide both the name "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). When a party fails to disclose relevant information or witnesses under Rule 26 during fact discovery, "Rule 37(c)(1) authorizes the exclusion of evidence that was not timely disclosed from use 'to supply evidence on a motion, at a hearing, or at a trial.'" *Ravgen, Inc. v. Lab. Corp. of Am. Hldgs.*, No. 6:20-cv-00969-ADA, Dkt. 236 at 4 (W.D. Tex. Oct. 4, 2022). "The presumptive sanction is that the party 'is not allowed to use that information' unless the party can show that the failure 'was substantially justified or is harmless.'" *Id*; *see also Flores v. AT&T Corp.*, No. EP-17-cv-00318-DB, 2019 WL 2746774, at *2 (W.D. Tex. Mar. 27, 2019) ("[T]he party facing sanctions under Rule 37(c) has the burden of demonstrating that a violation of Rule 26 was substantially justified or is harmless."). There are four factors for determining whether a Rule 26 violation is substantially justified or harmless: "(1) [the party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009); *see also Graham v. El Paso Cnty.*, No. EP-21-CV-00066-FM, 2022 WL 1112822, at *1 (W.D. Tex. Jan. 12, 2022).

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney . . . )" Fed. R. Civ. P. 26(b)(3)(A). Such materials cannot be discovered unless the requesting party "shows that it has a substantial need for the materials to prepare its case and

cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). In no case may "the mental impressions, conclusions, opinions, or legal theories of a party's attorney" be discovered. Fed. R. Civ. P. 26(b)(3)(B). "Work product includes 'interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs,' and other work done by the lawyer in preparation of litigation." *IAS Servs. Grp., LLC v. Jim Buckley & Assocs., Inc.*, No. CV SA-14-CA-180-FB, 2014 WL 12861745, at *3 (W.D. Tex. Dec. 5, 2014) (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)).

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other

practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III. DISCUSSION

### A. Motion to Strike

It is undisputed that in its Response to Apple's Sealed Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), Lionra identified three Apple employees that it failed to identify during venue discovery. ECF No. 51 at 2. Apple argues that the evidence should be struck under Rule 37 for failing to timely disclose the employees in response to venue interrogatories in violation of Rule 26. *Id.* at 1-2. Lionra argues that first, the interrogatory improperly requested attorney work

product and the names of the employees were not required to be disclosed and second, that the untimely disclosure was harmless. ECF No. 53 at 1.

The names of the employees were not attorney work product. That interrogatory asked Lionra to "[i]dentify all Persons or physical evidence in Texas You contend are relevant for purposes of transfer under 28 U.S.C. § 1404(a) and all bases and/or support for such contentions." ECF No. 53 at 3. It is true that explaining the relevance and "bases and/or support" of the identified "Persons or physical evidence" *could* fall under the work-product exception and include, "mental impressions, conclusions, opinions, or legal theories of a party's attorney". Fed. R. Civ. P. 26(b)(3)(B). But that is not the information that Apple suggests was missing. Rather, Apple requests the *identity* of the "Persons or physical evidence", and the identity of Apple employees is an underlying fact, not a mental impression. Therefore, the identity of the employees is not subject to the work-product exception.

But the untimely disclosure was harmless. Apple argues that the disclosure was not "harmless" because (1) Lionra did not explain its failure to disclose the employees; (2) the importance of the employees is minimal because the employees were found via LinkedIn search; (3) there is prejudice because Apple does not have a chance to respond and provide new information about the relevance of the identified individuals; and (4) prejudice cannot be cured because transfer has been fully briefed, or in the alternative, Apple should be given more time to investigate to cure any prejudice. ECF No. 51 at 6-9. In response, Lionra argues there is no prejudice to Apple because Apple holds all the information about its employees (unlike for example Lionra employees), it had two weeks to consider and respond to the new employees in their transfer reply, and Apple still included rebuttal arguments on the relevance of the newly identified employees. ECF No. 53 at 6-7. It is true that Lionra did not explain its failure to disclose

employees. But, Apple is incorrect that the importance of the employees is minimal because they were found via Linkedin. Both *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021) and *Logantree LP v. Apple Inc.*, No. 6:21-cv-00397-ADA, 2022 WL 1491097, at *7 (W.D. Tex. May 11, 2022) are distinguishable. In both cases, it was not the fact that the employees were found via LinkedIn, rather that Plaintiff in each case was not specific about the testimony expected from each identified witness and their relevance to the case. *Id.* When parties are able to "articulate the relevant and material knowledge" that the employees identified by LinkedIn possess, the Court may give weight to them. *Logantree LP* 2022 WL 1491097, at *7. As discussed below *supra* Section III(C)(i), the identified employees are relevant to the Court's transfer analysis. Further, Apple's complaints of prejudice fall flat. Apple itself argues *in its opening brief* that employees Lionra "cherry-picks" via LinkedIn as relevant should fail. ECF No. 31 at 11. Apple then goes on to substantively attempt to undermine and discount the employees in a similar argument about the lack of specificity in LinkedIn profiles generally. ECF No. 49 at 1. Apple could have spent the two weeks between the response and reply investigating these employees, explain why the employees are not relevant based on the information in their LinkedIn profiles, or request leave to provide new information about the employees, rather than wait to file a motion to strike until it is too late. As noted by Lionra, Apple holds all the specific information about employees, so to the extent that there was surprise about the employees, Apple was in the best position to respond. The lack of prejudice means that a continuance is not needed. Ultimately, because of the importance of the information and the lack of prejudice, the Court finds that the untimely disclosure of the employees was harmless and the Motion to Strike is **DENIED**.

### B. Motion to Transfer

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the NDCA. Neither party disputes that venue could

be proper in the NDCA. Apple operates its headquarters in Cupertino, California. ECF No. 31 at 2, 6; ECF No. 44 at 2. This Court therefore finds that venue would have been proper in the NDCA had the suit originally been filed there. Thus, the Court now analyzes the private and public interest factors to determine whether the NDCA is a clearly more convenient forum than the WDTX.

### C. Private Interest Factors

#### i. *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at * 4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

According to Apple, *all* the relevant witnesses are based in California and that it is *not aware* of any relevant witnesses in WDTX. ECF No. 31 at 1-3. In contrast, Lionra alleges that Apple has multiple relevant witnesses located at its Austin campus, including 6 employees identified by Apple and 3 identified by Lionra. ECF No. 44 at 3-7. Apple identifies two employees located in Colorado and one in Washington D.C., but does not suggest that the employees have relevant information. ECF No. 31 at 3; ECF No. 31-3 ¶ 3. Each group of witnesses will be discussed below.

### 1. Apple's Employees in the NDCA

According to Apple, most of the engineers knowledgeable of the accused products work in Apple's California offices in San Diego, CA, and Cupertino, CA. ECF No. 31 at 2-3; ECF No. 31-2 ¶ 3. Apple also states that the marketing team for the accused products is located in Cupertino. ECF No. 31-4 ¶ 3. Further, Apple states that the IP licensing team is mostly based in the San Francisco Bay Area, California. ECF No. 31-3 ¶ 3. Apple has identified the following potential willing witnesses in the NDCA: (1) ███████████, (2) ███████████, and (3) ███████████. ECF No. 31 at 2−4. ███████ has technical knowledge of the accused product. ECF No. 34-2 at ¶¶ 3-4; ECF No. 31 at 2. ███████ has marketing knowledge of the accused product. ECF No. 31-4 ¶ 3. ███████████ has knowledge of patent licensing and transactions. ECF No. 31 at 2; ECF No. 34-3 at ¶ 3. Apple argues that the NDCA is a far more convenient forum for these witnesses than the WDTX. ECF No. 31 at 11. Apple goes to great lengths to suggest that "*all* of Apple's anticipated witnesses" are located in California and "*no* anticipated witnesses" located in WDTX, and that "not a single employee located in Apple's offices or stores in WDTX" were involved with the Accused Product. ECF No. 34 at 1, 4. In response, Lionra does not doubt the relevancy of the individuals Apple identifies in the NDCA, but indicates that Apple overlooked multiple WDTX based witnesses that may be relevant, and that on balance, WDTX is more convenient for the

witnesses identified. ECF No. 44 at 3-7. Lionra further suggests that the declarants should be given less weight because the declarants do not discuss in detail how Apple searched for relevant Apple employees in Texas, while in the same breath saying that they are unaware of employees in Texas. ECF No. 44 at 6. In its reply, Apple tries to bolster their argument by identifying 50 other NDCA based employees that were disclosed in one of its own Interrogatory responses. ECF No. 49 at 1-3.

The Court finds that Apple has three relevant employees in NDCA. It is undisputed by both parties that all three of Apple's declarants are witnesses with relevant information. ECF No. 31 at 2. Even though Lionra argues that the declarations are of dubious value given that the declarations seem to be wholly based on personal experience rather than speaking to individuals elsewhere, the declarations are reliable as much as they speak to the declarant's personal experience. Indeed, Lionra still identified potentially relevant employees in Austin despite the declarants suggesting that they personally were unaware of anyone relevant in Texas. Each of the declarants would likely be relevant at trial. ███████ likely has technical knowledge of the hardware products. ECF No. 31-2 ¶ 3 ("I lead the team responsible for ██████████████████████ ████████ the accused baseband functionality and I work with the team responsible for managing ████████████████████████████ that implement the accused RF functionality."). Similarly, ████ ██ has marketing knowledge of the accused products. ECF No. 31-4 ¶ 3 ("I contribute to the product strategy, marketing strategy, and production of marketing materials as it relates to iPhone. This includes the concept and strategy relating to the marketing of various iPhone features including 5G capabilities."). Finally, ███████████ has knowledge of patent licensing and transactions. ECF No. 34-3 at ¶ 3 ("I am knowledgeable about Apple's patent licenses and patent transactions activities"). Therefore all three of these Apple identified employees are relevant.

As discussed below in Section III(C)(i)(2), the 50 employees are not relevant identified in Apple's RFP are not relevant to transfer analysis because there was no analysis on information that they have that would be relevant to this case. The Court agrees with Apple that the NDCA would be a more convenient forum than the WDTX for Apple's employees in Cupertino, CA. The relevant consideration here is "the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, 2021 WL 4427899, at * 4. Thus, the Court finds the presence of these witnesses in NDCA favors transfer.

### 2. Apple's Employees in Austin, TX

Apple repeatedly denies that it is aware of ANY relevant employees that work in its offices in Austin through its declarations, motion to transfer, reply, and discovery responses. ECF No. 31 at 3; ECF No. 31-4 at ¶ 3; ECF No. 31-2 at ¶ 3; ECF No. 31-3 at ¶ 3; ECF No. 44-11 at RFP Response 10; ECF No. 49 at 2. In fact, in Apple's reply brief, it states that employees and teams it identified in Austin in response to venue RFPs were overbroad and irrelevant, and that it produced those documents "without conceding the relevance of the postings or teams". ECF No. 49 at 2. In response, Lionra identified multiple Apple employees in Austin which it alleges are relevant. ECF No. 44 at 3-7. First, it identifies 6 Austin based employees that were identified by Apple based on job descriptions that relate to 4G/LTE, 5G/NR, and modem and antenna/MIMO aspects. ECF No. 44 at 3-5. In addition, for two of those employees, ██████████████ and ██████ ████████████, Lionra specifically identified what they work on in relation to the accused functionality and products. ECF No. 44 at 5. Lionra then summarily states that the other 4 employees are relevant based on the context of the venue RFP and the job descriptions alone. *Id.* Lionra then identifies three other Austin based employees based on LinkedIn profiles who it

11

alleges have relevant information, ███████████████████████████████████. *Id.* In reply, Apple argues that witnesses that have relevant information about 4G/LTE technology should not be considered because it was not accused until after the initial complaint. ECF No. 49 at 2. Further, Apple argues that the two employees should be discounted because the information about them was found via LinkedIn profiles. *Id.* In addition, the basis for the four employees was insufficient because it was generally based on the group at Apple they are a part of. *Id.* In the alternative, Apple argues that the same list which included the 6 employees also included 50 employees in NDCA and 8 employees in SDCA, and that all the employees on the list should be found relevant and considered if the Court finds all 6 employees relevant based on the general position descriptions. *Id.* at 2-3. For the three employees identified independently by Lionra, Apple argues that they should be discounted because they were found via LinkedIn, which only has a generic profile description, and states that Lionra has not definitively shown that any of these employees worked on the Accused Features/Products. *Id.* at 1.

The Court find that there are likely 5 total relevant employees in Apple's Austin office. In considering employees identified in RFP response (6 in Austin, 58 in California), the Court finds that most witnesses are not relevant to transfer analysis. The RFP response identifying the employees includes people from multiple positions which Lionra generically describes. ECF No. 44 at 4. Similarly, Apple does no analysis of why the employees in California would be relevant or have information they would be called to testify at trial about. Apple states that if the Court finds the 6 Austin employees identified in the RFP response relevant, "the Court should also find the fifty NDCA-based Apple employees (with eight more in San Diego) who are on this on this list to also be relevant for the same reason." ECF No. 49 at 2. Generically describing the positions without providing analysis on what type of testimony or information might be elicited from each

of the identified employees, or the relevance to the technology is insufficient to persuade the Court

that the employees are generally relevant and might be called to testify during trial. *See Logantree*

*LP v. Apple Inc.*, No. 6:21-cv-00397-ADA, 2022 WL 1491097, at *7 (W.D. Tex. May 11, 2022)

(When parties are able to "articulate the relevant and material knowledge" that the employees

identified by LinkedIn possess, the Court may give weight to them.); *In re Google LLC*, No. 2021-

170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021) (properly excluding an employee when

parties were "not at all specific about what testimony it expected to elicit from Mr. Greene, or even

if he possesses knowledge of the facts relevant to this infringement action").

But, the Court does find two of the RFP identified employees in Austin, ████████

██ and ████████████████, to be relevant for transfer analysis. Lionra specifically

identifies that ████████ has information that is directly relevant to the accused technology,

specifically that he works on "Highly integrated multiport radio transceivers for wireless

infrastructure applications, including 4G/5G MIMO", which Lionra claims relates to infringement

in this case, particularly with regard to antennas. ECF No. 44 at 5. In addition, ████████ is a

"Wireless Module Test Lead" working in "4G testing, LTE", and given the importance of antennas

and 4G/LTE technology, his experience is also directly relevant to infringement and the technical

aspects of this case. *Id.* Apple argues that because the information was pulled from LinkedIn

profiles, it should be discounted. ECF No. 49 at 2. This is based on a misunderstanding of *In re*

*Google LLC* and *Logantree LP*. As discussed *supra* in Section III.A, here, Lionra provides the

relevant and material knowledge that the employees identified by LinkedIn possess (around 4G/5G

MIMO and 4G, LTE testing, which are directly relevant to the Accused Features and Products), which

is sufficient for the Court to accord weight to these employees. *See Logantree LP v. Apple Inc.*, No.

6:21-cv-00397-ADA, 2022 WL 1491097, at *7 (W.D. Tex. May 11, 2022) (When parties are able

to "articulate the relevant and material knowledge" that the employees identified by LinkedIn

possess, the Court may give weight to them.) Apple's argument that 4G/LTE technology should not be afforded any weight in the venue analysis falls flat. The convenience of witnesses who may testify to the 4G/LTE capability matters as much as witnesses who will testify to the 5G capabilities, and if there is overlap between the technologies, witnesses could testify to both.

Finally, the Court considers the three additional Apple employees identified by Lionra, ██████████, ██████████, and ██████████. ECF No. 44 at 5. ██████████ "is responsible for defining, designing and integrating High Speed SerDes Phy sub-system for communicating between next generation (5G) modem and RF platforms on Intel and TSMC processes." *Id.* ██████████ is a "RF Cellular Design Engineer responsible for mmWave 5G products." *Id.* Finally, ██████████ is a "RF/Analog Expert and Lab Lead, responsible for RF/analog R&D lab in Austin, for the purpose of in-depth design and verification and validation, utilizing high-end RF instrumentation and innovative measurement techniques." *Id.* These are specific details that show each individual was likely involved in the development, research, engineering, or design of the Accused Products and Features, specifically 5G antenna technologies. This is a sufficient description of the relevant testimony. *See Logantree LP v. Apple Inc.*, No. 6:21-cv-00397-ADA, 2022 WL 1491097, at *7 (W.D. Tex. May 11, 2022) (When parties are able to "articulate the relevant and material knowledge" that the employees identified by LinkedIn possess, the Court may give weight to them.)

The Court concludes that the WDTX is a more convenient forum than the NDCA for the Apple's Austin-based technical employees. The Austin-based employees would only have to make a short drive to attend trial in Waco. That said, if the case were transferred to the NDCA, Apple's Austin-based employees would have to fly to another state and "be away from their homes and

work for an extended period of time." *In re Google, LLC*, 2021 WL 4427899, at * 4. The Court finds that the presence of 5 employees in Austin weigh against transfer.

### 3. Conclusion

The Court finds this factor weighs against transfer. While Apple has identified three willing witnesses in the NDCA, Lionra has identified 5 willing witnesses in in the WDTX. There may be more relevant witnesses in WDTX because of the lack of explanation of Apple's declarants in how they discovered that there were no relevant employees in WDTX.

### ii. *The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

According to Apple, the NDCA is a more convenient forum because its sources of proof are more easily accessible there. ECF No. 31 at 7. Apple argues that the research, integration, design, and development of the Accused Features took place at Apple offices in California and that the custodians of the technical documents are in NDCA or other districts in California. ECF No. 31 at 7. However, Apple admits that Apple's electronically stored information is accessible in shared locations on a group and/or individual basis, which presumably would be available to Apple employees in Austin. ECF No. 31-2 ¶ 5. Further, Apple alleges that the relevant marketing and licensing documents are in NDCA. ECF No. 31 at 8. Similar to the other electronically stored

information, Apple admits that these documents are available to anyone who is given access. ECF No. 31-2 ¶ 5; ECF No. 31-3 ¶ 4. In addition, Apple argues that each of the declarants has locally stored documents and information on their computers. ECF No 31 at 7-8. Apple argues there are "no relevant documents" in WDTX. *Id.*

In response, Lionra argues that this factor weighs against transfer because Apple has failed to show that its documents are more easily accessible in the NDCA than in the WDTX, and the Declarations lack substance. ECF No. 44 at 7. Further, Lionra complains that Apple identifies no potential evidence with specificity, and that declarants didn't review any evidence responsive to specific RFPs regarding physical evidence that might be used in this litigation. *Id.* at 7-8.

Apple responds that locally stored documents will be with relevant witnesses in California, and Lionra didn't identify what information that witnesses in WDTX would have either. ECF No. 49 at 3. Further, Apple argues that their declarants need not review evidence because each is familiar with their team's location and how Apple stores documents, which is in California. *Id.*

The Court acknowledges that the Fifth Circuit's decision in *In re Planned Parenthood* indicates a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id*. But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No., 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed.

Even so, the Court still considers the location of document custodians of electronic documents in its analysis of this factor. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

The Court finds that physical evidence does not appear to be present in the WDTX or the NDCA. Apple's ██████ and declarants summarily state that they have "physical records and things located in our primary workplaces" but identify none of the supposed physical evidence (or that the physical documents are evidence at all) with any kind of particularity. ECF No. 31-2 ¶ 5; ECF No. 31-3 ¶ 4. ████████ makes no assertions that he has any physical documents. *See generally* ECF No. 31-4. When given RFPs trying to ascertain the basis of the allegation that the declarants made regarding physical evidence, Apple replied ████████████, ████████████, or ████████ did not review any evidence responsive" to the requests. ECF No. 44-18 at 15. Apple tries to explain away its lack of specificity stating that each declarant "did not need to review any evidence, as each is personally familiar" with the sources of evidence. ECF No. 49 at 3. There is no allegation by either party that physical evidence exists in the WDTX. The lack of specificity casts doubt on if any such physical evidence exists and therefore the Court finds that the location of physical bears no weight on the analysis of this factor. *See EcoFactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, 2021 WL 1535413, at *2 (W.D. Tex. Apr. 16, 2021), aff'd, No. 2021-144 (Fed. Cir. Aug. 4, 2021) ("Google does not point with particularity to any relevant physical documents, nor does it confirm the existence of any physical documents located in the. NDCA. . . .As such, the Court is not persuaded by Google's vague and conclusory argument regarding physical documents.").

Turning to the electronic evidence, Apple has admitted that shared electronic evidence is available to anyone who has the appropriate permissions which could include individuals in

Austin. ECF No. 31-2 ¶ 5; ECF No. 31-3 ¶ 4; ECF No. 31-2 ¶ 5. But more importantly, as discussed above, both Apple and Lionra have identified relevant employees in the NDCA and the WDTX. *See supra* Section III(C)(i). The Court believes that all these employees are custodians of the relevant electronic documents. *See In re Google LLC*, No. 2021-178, 2021 WL 5292267, *2 (Fed. Cir. Nov. 15, 2021) (holding that it is an error to not "also consider[] the location of document custodians and the location where documents are created and maintained, which may bear on the ease of retrieval"). The Court concludes that this factor is neutral because relevant Apple employees likely create and maintain relevant electronic documents in both forums, and there is no physical evidence in either forum.

### iii. *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). But the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned*

*Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Apple claims that this factor favors transfer. ECF No. 31 at 8. Apple identifies 17 inventors located throughout California from prior art and 2 within WDTX that it states will "likely" be identified in Apple's Preliminary Invalidity Contentions. *Id.* at 8-10. In addition, Apple points to third-party Qualcomm (based in SDCA) as having relevant witnesses and documents related to implementing some infringing functionality. *Id.* at 10. Lionra argues that Apple has not provided invalidity charts, therefore the relevant prior art witnesses are purely speculative, and bolsters that assertion showing that some cited references were cited by the patent examiner during prosecution and is less likely to be asserted as prior art. ECF No. 44 at 8-9. Lionra argues that the Qualcomm witnesses have not been shown to be unwilling to testify because Qualcomm has been cooperative in facilitating evidence gathering based on a subpoena issued from WDTX. *Id.* at 9. Qualcomm responds that claim charts are not specifically required to support prior art witnesses and there is no evidence that Qualcomm is NOT unwilling. ECF No. 49 at 3-4.

The Court concludes that the compulsory process factor weighs very slightly in favor of transfer. Lionra is correct that because no invalidity charts have been submitted to the Court, this factor is speculative and based on art that might not be asserted. Although not explicit in *Gentex Corp. v. Meta Platforms, Inc.*, No. 6:21-CV-00755-ADA, 2022 WL 2654986, at *5 (W.D. Tex. July 8, 2022), to allow parties to consider prior art witnesses without requiring them to actually use the references invites substantial gamesmanship in identifying references to inflate the number of relevant prior art witnesses. That said, Qualcomm is a relevant third party within the subpoena power of NDCA. Neither party has shown any indication that Qualcomm (or its employees) is willing, so the Court must presume they are unwilling. *In re HP Inc.*, No. 2018-149, 2018 WL

4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). Thus, this factor weighs against transfer. Even still, the Court notes that neither party has alleged or shown that any of these witnesses are unwilling. ECF No. 31 at 8−10; ECF No. 44 at 8−10; ECF No. 49 at 3−4. Thus, under the Fifth Circuit's recent guidance, even if this factor were to favor or disfavor transfer, the weight of this factor is diminished. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31.

### iv.    *All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

Apple and Lionra both agree that this factor is neutral as there are no related pending cases in WDTX or NDCA. ECF No. 31 at 11-12; ECF No. 44 at 10. The Court agrees.

## B.  The Public Interest Factors

### i.    *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Apple argues that this factor favors transfer to the NDCA because judges in the NDCA have fewer patent cases than in this Division of the WDTX and both venues will "proceed to trial along a similar timeline" but does not provide an amount of time to trial. ECF No. 31 at 13. In response, Lionra argues that this factor weighs against transfer because the Waco Division of the WDTX brings cases to trial faster than the NDCA. ECF No. 44 at 10-11. Lionra claims that the average time to trial for patent cases in the NDCA is 45.2 months, whereas the average time to trial in this Court is about 24 months. *Id.* In its reply, Apple argues that there are cases that have

been pending for over two years without a trial so there is no guarantee that this case will get to trial that quickly. ECF No. 49 at 4-5.

To start, the Court notes that the Federal Circuit recently concluded that this factor should not weigh against transfer when the plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Here, neither party has briefed whether Lionra is engaged in product competition in the marketplace. The briefing does not discuss any witnesses or sources of proof related to a product from Lionra.

If Lionra is engaged in product competition in the marketplace, the parties appear to agree that this Court generally reaches trial more quickly than the NDCA (even if, as Apple notes, the Court is dealing with *averages*). ECF No. 31 at 13 (not providing an average time to trial); ECF No. 44 at 10-11 (noting that this Court is about 21 months faster than the NDCA). Recent statistics show that this Court has been able to bring cases to trial within two years.[1] While judges in the NDCA may have fewer cases than in this Division, the Federal Circuit has highlighted rapid

---

[1] *See, e.g., MV3 Partners v. Roku, Inc.*, 6:18-cv-00308-ADA (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC, v. NCR Corp.*, No. 6:19-cv-00513-ADA (W.D. Tex., filed August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057-ADA (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. v. Amazon.Com Inc.*, No. 6:21-cv-00511-ADA (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc.*, No. 6:19-cv-00044-ADA (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6:20-cv-00018-ADA (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare LLC v. Google LLC*, 6:19-cv-663-ADA (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage Inc. v. Nine Energy Serv.'s, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6:19-cv-00680-ADA (W.D. Tex., filed Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6:20-cv-00376-ADA (W.D. Tex., filed May 11, 2020) (24 months from case filing to trial); *Caddo Sys. Inc., v. Microchip Tech. Inc.*, No. 6:20-cv-00245-ADA (W.D. Tex., filed March 27, 2020) (26.5 months from case filing to trial); *SunStone Info. Def., Inc. v. International Bus. Machines Corp.*, No. 6:20-cv-1033-ADA (W.D. Tex., filed Nov. 9, 2020) (21.0 months from case filing to trial); *NCS Multistage Inc. v. TCO Products Inc.*, No. 6:20-cv-00622-ADA (W.D. Tex., filed Sept. 9, 2020) (23.4 months from case filing to trial); *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-00969-ADA (W.D. Tex. filed Nov. 16, 2020) (23.1 months from case filing to trial).

disposition of patent cases, *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). It has even acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). And the Fifth Circuit has specified that district courts are best positioned to determine their own congestion under this factor. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 631.

Based on the evidence presented, the Court believes that this factor is likely neutral because the briefing suggests that Lionra is not engaged in product competition in the marketplace. But if Lionra is engaged in product competition, this factor would weigh slightly against transfer.

### ii. *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365

(Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Apple claims that the NDCA has a local interest in this case because its headquarters are in the NDCA, much of its workforce resides there, and the Accused Features were developed and tested there (the events giving rise to this suit). ECF No. 31 at 14-15. Apple further argues (and Lionra does not dispute) that Lionra has no connections to the WDTX. *Id.* In response, Lionra argues that the WDTX has a local interest in this case because events giving rise to the suit also occurred there. Lionra alleges that venue discovery uncovered that Apple's Austin employees design, develop, and test relevant 4G/LTE and 5G/NR functionalities including antennas and modems. ECF No. 44 at 11. In response, Apple argues that no Texas employees developed the Accused Features (and that Lionra is simply speculating regarding Apple's Austin employees), and that the employees likely to testify at trial are located in California. ECF No. 49 at 5.

The Court finds that the NDCA likely has a local interest in this suit. Apple operates its headquarters out of the NDCA and individuals who worked on the accused product are likely located there. However, the Court also finds that the WDTX likely has a local interest in this suit. Apple has a substantial office in Austin. Furthermore, individuals who worked on the design, development, and testing of functionality the accused products are likely located within the WDTX. *See supra* Section III(C)(i). That employees likely to testify are in California is irrelevant when considering the local interest factor. Because both the NDCA and the WDTX likely have a local interest in the outcome of this litigation, the Court finds this factor is neutral.

### iii.    *Familiarity of the Forum with the Law That will Govern the Case*

Apple and Lionra agree that this factor is neutral; both forums are familiar with the law that will govern this case. ECF No. 31 at 15; ECF No. 44 at 11. The Court agrees.

### iv.  *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Apple and Lionra agree that this factor is neutral—there are no potential conflicts here. ECF No. 31 at 15; ECF No. 44 at 11. The Court agrees.

## IV.  CONCLUSION

Having considered the private and public interest factors, the Court finds that 6 of the factors are neutral, one disfavor transfer, and only one favors transfer to the NDCA. A decision to uproot litigation and transfer is not the consequence of a simple math problem. Instead, a moving party must show that the transferee forum is a *clearly* more convenient forum. Here, cost of attendance for willing witnesses weighs against transfer. Only the availability of compulsory process weighs very slightly in favor of transfer. As stated by the Federal Circuit multiple times, the most important factor in the transfer analysis is the convenience of the witnesses which weighs against transfer in this case. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). Apple has failed to meet its burden of showing that the NDCA is a clearly more convenient forum than the WDTX. The Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
|--------|---------------------|
| Relative ease of access to sources of proof | Neutral |
| Cost of attendance for willing witnesses | Against transfer |
| Availability of compulsory process to secure the attendance of witnesses | Slightly Favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Neutral |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

**IT IS THEREFORE ORDERED** that Apple's Motion to Strike is **DENIED** (ECF No. 51). Further, Apple's Motion to Transfer Venue to the Northern District of California is **DENIED** (ECF No. 31).

**SIGNED** this 9th day of May, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE