**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORP., <br><br> Defendant. | Case No. 7:24-CV-00339-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT ORACLE'S OPPOSITION TO PLAINTIFF VIRTAMOVE'S
OPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL A
<u>SUR-REPLY RE: ORACLE'S MOTION TO TRANSFER VENUE</u>**

I.  **INTRODUCTION**

Absent a new argument in a reply brief, "surreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 (5th Cir. 2014) (per curiam) (internal quotation and citation omitted).  Nevertheless, Plaintiff VirtaMove, Corp. ("VirtaMove") not only seeks leave to file a sur-reply more than four weeks after Oracle filed its reply brief, but it bases its motion on a false narrative.  First, VirtaMove argues that Oracle raised new facts and argument for the first time in Reply.  Not so.  Oracle's Reply merely responded to issues in VirtaMove's opposition as detailed below.  Second, VirtaMove says it needs an opportunity to respond to "developments reported in Oracle's Notice of Supplemental Transfer Authority" (Dkt. 55).  But Oracle's Notice included no argument; it simply attached documents that relate to the current status of other proceedings discussed in the parties' briefing.  Neither of VirtaMove's arguments warrants a sur-reply.

II. **ORACLE'S REPLY DID NOT RAISE NEW FACTS OR ARGUMENT**

Fifth Circuit authority is clear that sur-replies are "heavily disfavored" and only appropriate when new arguments are raised in a reply brief.  *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x at 751 n.2; *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("As to Austin's motion to file a surreply, the district court did not abuse its discretion [in denying the motion] because Kroger did not raise any new arguments in its reply brief").  The cases on which VirtaMove relies acknowledge as much: a sur-reply is only appropriate when a party first raised a "new argument" in reply (Dkt. 57 at 1).  Leave to file a sur-reply is warranted "only in extraordinary circumstances and upon a showing of good cause." *Mohlenhoff v. Hobby Lobby Stores, Inc.*, No. SA-21-CV-01298-OLG, 2024 WL 4956636, at *4 (W.D. Tex. Sept. 26, 2024) (denying leave where plaintiff did not identify any new argument).  Here, Oracle presented no

"new argument." It simply responded to VirtaMove's opposition. Under these circumstances a reply is not warranted.

***First***, VirtaMove argues that Oracle's reply cited a new pre-*Clarke* case," *Safecast Ltd. v. Google LLC*, No. 6:22-cv-00678-ADA, 2023 WL 4277349 (W.D. Tex. June 28, 2023). Dkt. 57 at 1. But Oracle's citation to *Safecast* does not present a new argument. Instead, Oracle cited *Safecast* in direct response to VirtaMove's opposition brief. One of VirtaMove's primary arguments against transfer is based on "[s]earching LinkedIn" and "job positions" in Austin. Dkt. 44[1] at 1. In transferring venue to NDCA in *Safecast*, this Court commented upon the plaintiff's reliance on LinkedIn pages, noting that the plaintiff "merely provides LinkedIn job postings that show Google hires software developers in Austin." *Safecast*, at *3. That is the only purpose for which Oracle cited *Safecast*, and it was directly responsive to an argument in VirtaMove's opposition.

***Second***, VirtaMove argues that Oracle relied on new excerpts of deposition testimony without important context. Dkt. 57 at 1. As support, VirtaMove cites to "Dkt. 46 at 2 (citing parts of 44-6)." *Id*. "Dkt. 46" is Oracle's reply.[2] The purportedly "new excerpts"—"parts of Dkt. 44-6"—are not "new" at all. In fact, ***VirtaMove itself filed the deposition excerpts as an exhibit with its opposition brief***. In other words, VirtaMove filed testimony from Oracle's 30(b)(6) witness in connection with its opposition brief, and now VirtaMove complains that Oracle's Reply cites that very same testimony. Oracle's Reply does not introduce new facts but responds to evidence that VirtaMove itself introduced in opposition.

---

[1] The public copy of which was filed at Dkt. 52.

[2] The public copy of which was filed at Dkt. 51.

***Third***, VirtaMove argues that Oracle makes "new attacks on VirtaMove's methodology" (Dkt. 57 at 1), but this is quintessential reply material. VirtaMove made arguments about its methodology for the first time in opposition, and Oracle responded in reply. That is not new argument by Oracle, but a direct response to VirtaMove's arguments. If such a response in reply provided grounds for a sur-reply, then a sur-reply would be warranted on every motion.

***Fourth and finally***, VirtaMove argues that Oracle's Reply includes "new developments related to the Microsoft case." Dkt. 57 at 1. VirtaMove's opposition included a whole section on the other cases in which it is asserting the same patent, characterizing them in the subject heading as "Other Practical Problems Weigh Against Transfer." Dkt. 44 at 13. In connection with the *Microsoft* case, VirtaMove argued, *inter alia*, that "Microsoft remains pending in this Court" and that "[k]eeping this Oracle case" allows certain efficiencies. *Id*. Oracle's Reply merely responded to this argument in VirtaMove's opposition by pointing out that the *Microsoft* case settled. Dkt. 46 at 1.

### III. A NOTICE OF SUPPLEMENTAL AUTHORITY, WITH NO ARGUMENT, DOES NOT OPEN THE DOOR TO A SUR-REPLY

On September 12, 2025, Oracle filed a Supplemental Notice of Transfer Authority. Dkt. 55. That notice included no argument; it merely identified and attached for the court three recent filings in cases where VirtaMove is asserting the '814 patent at issue here against other defendants. *Id*. As discussed above, these supplemental authorities are filings from cases that VirtaMove itself cited in its opposition brief (*see* Dkt. 44 at 13 as to the *Google* and *Amazon* cases, and Dkt. 44 at 4, 5, 11-12 as to the *IBM* case). The notice provides no basis for a sur-reply.

### IV. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court deny VirtaMove's Motion for Leave to File a Sur-Reply.

- 3 -

Dated: September 26, 2025

Respectfully submitted,

/s/ *Jared Bobrow*

Jared Bobrow (admitted *pro hac vice*)
CA Bar No. 133712
jbobrow@orrick.com
Bas de Blank (admitted *pro hac vice*)
CA Bar No. 191487
basdeblank@orrick.com
Diana Rutowski (admitted *pro hac vice*)
CA Bar No. 233878
drutowski@orrick.com
Parth Sagdeo (admitted pro hac vice)
CA Bar No. 325269)
psagdeo@orrick.com
**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA  94025
Tel: (650) 614-7400
Fax: (650) 614-7401

Shane D. Anderson (admitted *pro hac vice*)
CA Bar No. 313145
sdanderson@orrick.com
**Orrick, Herrington & Sutcliffe LLP**
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Tel: 213-612-2377
Fax: 213-612-2499

Darryl J. Adams
**Slayden Grubert Beard**
401 Congress Avenue, Suite 1650
Austin, Texas 78701
Tel:  512-402-3550

*Attorneys for Defendant Oracle Corp.*

- 5 -

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 26, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

                                                   */s/ Jared Bobrow*
                                                   Jared Bobrow