UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **VIRTAMOVE, CORP.,** | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 7:24-CV-000339-ADA |
| **ORACLE CORP.,** | § | |
| Defendant. | § | |

### ORDER GRANTING-IN-PART AND DENYING-IN-PART
### DEFENDANT'S MOTION TO TRANSFER

This is an action for patent infringement allegedly committed by Defendant Oracle Corp. ("Defendant" or "Oracle"). Defendant moved to transfer the above case to the Northern District of California ("NDCA") under 28 U.S.C. § 1404(a), or in the alternative, to the Austin Division. ECF No. 25. Plaintiff VirtaMove, Corp. ("Plaintiff" or "VirtaMove") filed its response in opposition on August 5, 2025. ECF No. 44. Defendant filed its reply on August 25, 2025. ECF No. 46. After due consideration, the Court finds that Defendant's Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART** and that this case should be transferred to the Austin Division as it is the most convenient venue.

### I. FACTUAL BACKGROUND

VirtaMove claims that Oracle infringes U.S. Pat. Nos. 7,519,814 and 7,784,058 (the "Asserted Patents"), which are directed toward a multitude of patents directed toward technological improvements in computer technology, providing a solution to the problem of compatibility conflicts between applications and application portability across operating systems. *See* ECF No. 21 ¶¶ 11, 14, 22, 25. VirtaMove asserts that Oracle Cloud Infrastructure ("OCI") and

Oracle Kubernetes Engine ("OKE") infringe the two asserted patents. *Id.* ¶¶ 15, 26

VirtaMove is a corporation organized under the laws of Canada, with its principal place of business in Ontario, Canada. *Id.* ¶ 2. Oracle is a corporation organized under the laws of the state of Delaware, with its principal place of business in Austin, Texas. *Id.* ¶ 6.

VirtaMove filed its Complaint in the Midland/Odessa Division of the Western District of Texas. ECF Nos. 1, 21. On December 30, 2024, Judge David Counts in the Midland/Odessa Division transferred the case the undersigned for all proceedings. ECF No. 8. The undersigned presides over cases in both the Austin and Waco Divisions.

On April 25, 2025, Oracle filed this Motion to Transfer the case to the Northern District of California or, in the Alternative, to the Austin Division of the Western District of Texas, under 28 U.S.C. § 1404(a). ECF No. 25. Oracle argues that VirtaMove's suit against it mirrors five other lawsuits filed by VirtaMove based on their use of Kubernetes and Docker software. *Id.* at 2-3. In two of those, the defendants' transfer motions were granted, and the cases were transferred to NDCA. *See VirtaMove, Corp. v. Amazon.com, Inc.*, No. 7:24-cv-00030 (W.D. Tex. Jan. 26, 2024) (the "Amazon Case"); *see also VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-00033 (W.D. Tex. Jan. 31, 2024) (the "Google Case").

VirtaMove filed its response in opposition on August 5, 2025, wherein it objected to transferring the case to the NDCA, but did not object to transfer to the Austin Division. ECF No. 44. VirtaMove argues that because it consents to transferring the case to Austin, it has discovered many witnesses in Texas, and Oracle has approximately 3,000 employees at its principal place of business in Austin, Texas, this Court should transfer the case to Austin. ECF No. 44 at 1. Oracle filed its reply in support of its motion on August 25, 2025. ECF No. 46.

2

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, ... a district court may transfer any civil action to any other district or division where it might have been brought ..." *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, ***case-by-case consideration*** of convenience and fairness.' " *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal citation omitted) (emphasis added).

The preliminary question under § 1404(a) is whether a civil action " 'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted).

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)).

The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on

3

the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. This is because "the Court must give some weight to the plaintiffs' choice of forum." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 302 (5th Cir. 2024) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013)). While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III.   DISCUSSION

**A. Transfer to the NDCA is Not Clearly More Convenient**

Beginning with the threshold inquiry of whether the case could have originally been brought in the NDCA, the Court finds that it could have. VirtaMove does not address that point in its response, and Oracle has demonstrated it has sufficient connection to NDCA for the case to have been brought there. That said, examining the private and public interest factors, as well as the specific circumstances of this case in comparison to previous cases brought by VirtaMove, this Court finds that Oracle has not shown transfer to the NDCA is clearly more convenient.

Before addressing the private and public interest factors, Oracle's comparison of this case to previous cases filed by VirtaMove should be addressed. Oracle cited to the Amazon Case and the Google Case, where the court granted the defendants' motions to transfer to the NDCA. In those cases, the defendants never sought transfer to the Austin Division as an alternative to the NDCA, and the defendants did not have their principal places of business in Austin, Texas. In the

4

Google Case, the defendant was headquartered in the NDCA. In the Amazon Case, the defendants' principal places of business were in Washington, and they had regular and established places of business in the NDCA. This Court finds that those previous outcomes do not promote transfer to the NDCA in this particular case.

Addressing private interest factors, the Court finds that they *on balance* weigh against transfer to the NDCA. First, the relative ease of access to sources of proof weighs in some favor of transfer to the NDCA because of evidence related to Kubernetes and Docker is largely located in the NDCA. Oracle points out that Kubernetes's principal engineers were located in the NDCA when it was developed, and Docker engineers developed that software also in the NDCA. ECF No. 25 at 3-4. Oracle also argues that evidence relating to the alleged prior art system "Solaris" is located in the NDCA because it was developed there. *Id.* at 4.

At the same time, VirtaMove has evidence in Canada which can be more easily transported to the Western District of Texas than to the NDCA. ECF No. 44 at 12. VirtaMove argues that both its physical evidence and source code are more easily accessed in Texas than in the NDCA. *Id.* Additionally, there are thousands of Oracle employees located in Texas at its Austin headquarters. *Id.* at 1. Therefore, the first factor may favor transfer based on evidence related to the design and development of the accused products and prior art, but Texas is not without its own convenience.

Addressing the second factor, availability of compulsory process to secure the attendance of witnesses weighs against transfer. VirtaMove identified two former VirtaMove employees as well as ten former Oracle employees which are only subject to compulsory process in Texas, rather than in the NDCA. *Id.* at 10-11. Oracle's argument on this point named no particular persons that would be sought, whereas VirtaMove named with particularity the people it wants subject to compulsory process.

Addressing the third factor, the cost of attendance for willing witnesses may favor transfer, because it is unclear who all Oracle will provide but they may likely need to travel to Texas from the NDCA. But this point alone will not carry the analysis, particularly given how little attention this factor was given in briefing. Addressing the compulsory process issue, VirtaMove identified a number of indiviuals whose cost to travel to the NDCA will be far more than travel in Texas, so this factor would only weigh slightly in favor of transfer. *See id.*

Finally, the fourth factor weighs strongly against transfer. As a practical matter, this case is currently proceeding before the undersigned and has claim construction briefing complete. It would be expeditious to keep the case in the Western District of Texas and grant the parties' agreed alternative relief of transferring to the Austin Division so that the case can remain before the undersigned in this Court. Therefore, the private interest factors on balance weigh against transfer.

Turning to the public interest factors, this Court finds that those are largely neutral and do not show transfer to the NDCA being clearly more convenient. First, Oracle conceded that the administrative difficulties factor is neutral, and this Court agrees. ECF No. 25 at 13-14. Second, while Oracle argues that the localized interests weighs in favor of transfer to where accused third-party technology in this case is connected, this Court finds that Oracle's headquarters in Austin shows that enough sales and marketing occur in this District to balance this factor out. *See id.* at 12-13; *but see* ECF No. 44 at 10-11 (listing former Oracle employees involved with sales). Therefore, the second factor weighs only slightly in favor of transfer. Parties agree that the third and fourth factors are neutral. ECF No. 25 at 14; ECF No. 44 at 15. As a result, this Court finds that the public interest factors are largely neutral, and do not show transfer to the NDCA being clearly more convenient.

This Court, conducting this transfer analysis based on the particular case at hand, finds that

6

it is more simple to have the case remain in the Western District of Texas, as it has already been transferred within the district and can be transferred to the Austin Division, where both parties consent. Oracle has not shown that transfer to the NDCA is clearly more convenient, so its motion to transfer under 28 U.S.C. § 1404(a) to the NDCA is denied. .

### B. Transfer to the Austin Division of the Western District of Texas is Proper.

Oracle moved in the alternative to transfer this case to the Austin Division of the Western District of Texas. ECF No. 25 at 14. Oracle recognized that this case could have been brought in Austin, where Oracle is headquartered, and Austin is a more convenient forum than Midland-Odessa. *Id.* VirtaMove consented to Oracle's alternative request to transfer this case to the Austin Division. ECF No. 44 at 1.

This Court agrees that the Austin Division is a proper and more convenient forum for the case and will grant the unopposed request for the case to be transferred from Midland-Odessa to Austin. The case will remain before the undersigned once transferred to the Austin Division.

## IV.   CONCLUSION

For the foregoing reasons, venue is improper in the Northern District of California, and the case should be transferred to the Austin Division of the Western District of Texas. Thus, Defendant's Motion to Transfer is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The Motion is **DENIED** to the extent that it seeks transfer to the Northern District of California and **GRANTED** to the extent it seeks transfer of the present case to the Austin Division of the Western District of Texas.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer is **GRANTED-IN-PART** and **DENIED-IN-PART** (ECF No. 25) and the above-styled case be **TRANSFERRED** to the Austin Division of the Western District of Texas.

**IT IS FURTHER ORDERED** that the above captioned case be assigned to the

undersigned's Austin docket.

    **SIGNED** on October 1, 2025.

                                                           ALAN D ALBRIGHT
                                                           UNITED STATES DISTRICT JUDGE